**Mary H. Shea v. Peter Glenn Shops, Inc.**

[318 A.2d 177]

No. 121-73

Present: Shangraw, C.J., Barney, Smith, Keyser and Daley, JJ.

Opinion Filed April 2, 1974

*William W. P. Dibbern, Esq.,* Barre, for Plaintiff.

*Dinse, Allen & Erdmann,* Burlington, for Defendant.

Barney, J. This is an action based on a claim of negligence brought about by the plaintiff's injury from a fall in the defendant's Montpelier store. The jury returned a verdict in Miss Shea's favor, and the defendant has appealed.

The appeal raises but two issues, both relating to the defendant's eligibility for a directed verdict in its favor. Both relate to negligence. The first contends that the evidence, even taken in the light most favorable to the plaintiff, fails to show actionable negligence on the part of the defendant. The second argues that the plaintiff's claim is barred as a matter of law by her own negligence.

The essential facts are uncontested. The accident happened about ten minutes after the plaintiff had entered the store for the first time. Entering from the street, a customer passes through glass doors and is confronted almost immediately by two steps leading up to the main part of the store. The entire front of the store, windows and doors, is of glass looking onto the street at ground level. The interior floor, including the entrances, the two steps, and the main floor is uniformly carpeted in red. The two steps are about seven feet wide with no middle railing, but apparently with a wrought iron handrail at one side.

It was the plaintiff's testimony that at the time she came to leave the store and approached the front, her attention was captured by movement and activity on the street outside. As a result, she forgot about the two steps, walked off them, and fell. There were no warning signs or other objects that would call to one's attention that stairs were present, other than the carpeted stairs themselves.

Vermont now has a comparative negligence law, 12 V.S.A. § 1036. Under it, to prevail, a claimant must present facts sufficient to support a jury determination that the defendant's negligence was at least as great as that of the plaintiff's, if any, and apportion damages accordingly. The defendant has the responsibility of establishing by its evidence, any claimed contributory negligence reducing or overcoming the plaintiff's right to recover. *Lee* v. *Wheeler*, 130 Vt. 624, 626, 298 A.2d 851 (1972).

In this case, the presiding judge refused to direct a verdict in favor of the defendant, both at the close of the plaintiff's case and at the end of all of the evidence. After the return

of the verdict, he also denied a motion in behalf of the defendant for judgment notwithstanding the verdict. Those rulings were supportable in law and are affirmed.

The comparative negligence concept has undoubtedly enlarged the fact-finding and fact-evaluation functions of the jury. This was a conscious legislative choice, but a proper allocation of responsibility to the fact-finder, bound to be respected by the courts.

Thus, it was for the jury to say whether the interior arrangements of the store as evidence before them represented circumstances likely to deceive a reasonable man, even if not obviously dangerous, to the point of representing some negligence with respect to customer safety. *Johnstone* v. *Bushnell,* 118 Vt. 162, 165–66, 102 A.2d 334 (1954). Against that must be set the plaintiff's own conduct and regard for her own safety, so that a comparison may be drawn between the negligent shortcomings of the defendant, if any, and of the plaintiff, if any. If the percentage of negligence, as the trier of fact determines it to be, is in favor of the plaintiff, the verdict will stand. This function is particularly suited to the fact-finding duties of the jury, and will not be interfered with short of a showing that the verdict was unreasonable or was a product of misconduct by the jury, or was influenced improperly by passion or prejudice. *Dashnow* v. *Myers,* 121 Vt. 273, 282–83, 115 A.2d 859 (1959). No such showing has been made here, and with the facts susceptible to varying views and conflicting inferences, the trial judge's ruling supporting the verdict will stand. *Austin* v. *Bundy,* 122 Vt. 111, 165 A.2d 236 (1960); *Bailey* v. *Cabot,* 124 Vt. 153, 157, 197 A.2d 783 (1964).

*Judgment affirmed.*