519 So.2d 796 (1987)
Lena Mae Ezell HANO, Harold Ray Hano, Sharon Ann Hano Sullivan, Kenneth James Hano, Phillip Wayne Hano, and Nancy Marie Hano
v.
LOUISIANA DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT.
No. 86 CA 1435.
Court of Appeal of Louisiana, First Circuit.
December 22, 1987.
Rehearing Denied February 24, 1988.
Writ Denied April 22, 1988.
Wendell G. Lindsay, Jr., Baton Rouge, for plaintiffs.
John W. King, Baton Rouge, for defendant.
Before WATKINS, CARTER and FOIL, JJ.
CARTER, Judge.
This action for damages arises out of an automobile accident.

FACTS
During the early morning hours of August 12, 1978, Lonnie Ray Hano was driving his automobile in an easterly direction on U.S. Highway 190 near Satsuma, Louisiana. As the Hano vehicle approached that *797 portion of the highway which bridges over Colyell Creek, it travelled across the center line and into the on-coming lane of travel. The Hano vehicle then left the road on the wrong side, struck the concrete culvert which traversed Colyell Creek, and flipped into the creek. As a result of this accident, Lonnie Hano died.
On August 9, 1979, the surviving widow, Lena Mae Ezell Hano, and her children filed the instant suit for damages against the State of Louisiana, Department of Transportation and Development (Department). In their petition, plaintiffs alleged that the accident was caused by the negligence of the Department in that it:
(1) failed to provide guardrails to protect motorists from the drop-off at the edge of the culvert;
(2) failed to provide adequate markings identifying the existence of the culvert and drop-off; and
(3) failed to adopt and implement adequate minimum safety standards as required by LSA-R.S. 48:35 or as contained in recognized industry standards.
The Department answered plaintiffs' petition, asserting the affirmative defense of contributory negligence.[1]
After trial, the trial judge determined that the Department was liable to plaintiffs because of its negligence, in the following respects:
(1) Failing to provide an adequate and reasonably safe shoulder on the highway in the particular area of the impact;
(2) Failing to provide adequate warnings or markings to designate particularly dangerous areas on the highway (culverts with severe drop-offs, etc.);
(3) Failing to provide an adequate safeguard, such as a guardrail or other restraining device at particularly dangerous areas on the highway; and,
(4) Failing to upgrade or improve the highway including widening of shoulders, etc.
The trial judge further determined that "[t]here was no evidence whatever regarding any negligence on the part of Mr. Hano." He then rendered judgment in favor of plaintiffs and against the Department, as follows:
In favor of all plaintiffs, for the loss of the automobile, in the amount of Five Thousand And No/100 Dollars ($5,000.00);
In favor of Lena Mae Ezell Hano in the amount of One Hundred Fifty Thousand And No/100 Dollars ($150,000.00);
In favor of Harold Ray Hano in the amount of Seventy-Five Thousand And No/100 Dollars ($75,000.00);
In favor of Sharon Ann Hano Sullivan in the amount of Seventy-Five Thousand And No/100 Dollars ($75,000.00);
In favor of Kenneth James Hano in the amount of Seventy-Five Thousand And No/100 Dollars ($75,000.00);
In favor of Phillip Wayne Hano in the amount of Seventy-Five Thousand And No/100 Dollars ($75,000.00);
In favor of Nancy Marie Hano in the amount of Seventy-Five Thousand And No/100 Dollars ($75,000.00).
From this adverse judgment, the Department appeals, assigning the following errors:
I. The trial court committed manifest error of law and of fact in finding that U.S. Highway 190 at Colyell Creek was defective.
II. The trial court committed manifest error of fact in finding that U.S. Highway 190 was unreasonably dangerous to the normal and prudent driver.
III. The trial court committed manifest error of law and of fact by finding that the lack of the guardrail at the accident location was a cause in fact of the accident.
IV. The trial court committed manifest error of law by not applying the mandates found in Myers v. State Farm, *798 493 So.2d 1170; Usry v. Louisiana Department of Highways, 402 So.2d 240; and, Pleune v. State, Department of Transportation and Development, 481 So.2d 1365.
V. The trial court committed manifest error of fact and law in relying on plaintiffs' experts when the physical facts were clear and uncontroverted.
VI. The trial court committed manifest error of law by finding that the plaintiffs carried their burden of proof and by misapplying the burden of proof as found in Simon v. Ford Motor Company, 282 So.2d 126, concerning driving on the wrong side of the road.
Plaintiffs answered the appeal, alleging that the damages awarded were inadequate.

Contributory Negligence of Hano
The Department contends that the trial judge erred in failing to find that Lonnie Hano was contributorily negligent and that such negligence bars plaintiffs' recovery. The Department reasons that the trial judge misapplied the burden of proof enunciated in Simon v. Ford Motor Company, 282 So.2d 126 (La.1973) and in finding that plaintiffs carried their burden of proof.
Contributory negligence is defined as plaintiff's conduct which falls below the standard of care to which he should perform for his own protection. The standard is determined by reasonableness of behavior under the circumstances. Bridgewater v. State Department Of Corrections, 434 So.2d 383 (La.1983). As a general rule, contributory negligence is not presumed, but must be proved as any other fact by a preponderance of evidence. Esco v. Smith, 468 So.2d 1169 (La.1985), on remand, 478 So.2d 153 (La.App. 1st Cir. 1985), writ denied, 479 So.2d 925 (La.1985). A defendant who relies on contributory negligence as a defense bears the burden of proving plaintiff's negligence and that such negligence was a contributory cause of the accident. Raymond v. Deaton, 423 So.2d 724 (La.App. 1st Cir.1982). However, when a collision occurs between two vehicles, one of which is in the wrong lane of travel, there is a presumption that the driver in the wrong lane was negligent, and the burden is on him to show that the collision was not caused by his negligence. Simon v. Ford Motor Company, supra; Jones v. Continental Casualty Company Of Chicago, Illinois, 246 La. 921, 169 So.2d 50 (1964).[2] In other words, a driver on the wrong side of a road who collides with another vehicle in its proper lane must exculpate himself of any fault, however slight, contributing to the accident. Glazer v. Louisiana Trailer Sales, Inc., 313 So.2d 266 (La.App. 4th Cir.1975), writ not considered, 318 So.2d 47 (La.1975). This standard of care and presumption of negligence should also be applicable to a driver in the wrong lane of travel who strikes an object on the opposite side of the road. Once it is established that a driver was on the wrong side of the road and that he collided with an object on the wrong side of the road, he should likewise be required to exculpate himself from any fault, however slight, contributing to the accident.
In the case sub judice, the evidence incontrovertibly established that the Hano vehicle left its lane of travel, crossed the center line and opposite lane of travel, and rolled off the wrong side of the road before striking the concrete culvert traversing Colyell Creek. The evidence also established that no defect in the roadway or in the traffic signs along the roadway caused the Hano vehicle to leave its lane of travel. Having established these facts and, therefore, the presumption of Hano's negligence, it was incumbent upon plaintiffs to exculpate Hano from any fault contributing to the accident.
This plaintiffs did not do. There is absolutely no evidence in the record to indicate why the Hano vehicle was on the wrong side of the road and drove off the wrong side of the road before hitting the headwall over Colyell Creek. Although plaintiffs raised numerous possible explanations for the Hano vehicle's presence on the wrong side of the road, each were *799 based merely upon plaintiffs' speculation. The evidence established that the most logical explanation for Hano's presence on the wrong side of the road was that he fell asleep or lost consciousness for some reason.
Based upon the evidence presented, we find that plaintiffs failed to carry the burden of proving that the accident did not occur because of Hano's negligence. Accordingly, we find that the trial judge erred in failing to find that Hano was contributorily negligent.
Having determined that Hano was contributorily negligent in causing the accident, thereby barring plaintiffs' recovery, we find it unnecessary to address the remaining issues.

CONCLUSION
For the above reasons, the judgment of the trial court in favor of plaintiffs and against the Department is reversed. Plaintiffs are cast for all costs.
REVERSED.
NOTES
[1] This is a pre-comparative negligence case. LSA-C.C. art. 2323 was amended by Acts 1979, No. 431, § 1 effective August 1, 1980. Hano was injured on August 12, 1978; the effective law at the time of the accident provided that any negligence on the part of plaintiff would completely bar his recovery.

Section 4 of Acts 1979, No. 431 (§ 1 of which amended this article) provided that: "The provisions of this act shall not apply to claims arising from events that occurred prior to the time this act becomes effective."
[2] Cf. cases wherein a rear-end collision occurs. The following vehicle must follow at a safe distance, and if a rear-end collision occurs, the driver of the following vehicle is presumed to be prima facie negligent. Raymond v. Deaton, 423 So.2d 724 (La.App. 1st Cir.1982).