**Angela KNAPP v. STATE of Vermont, Don Mandelkorn, Cindy Miller and SRS**

[729 A.2d 719]

No. 97-180

![black bar]

April 28, 1998. Plaintiff Angela Knapp appeals a jury verdict finding that her employer, the Vermont Department of Social and Rehabilitation Services (SRS), did not discriminate against her based on her hearing and communication impairment in violation of the Vermont Fair Employment Practices Act (VFEPA), 21 V.S.A. § 495 et seq. On appeal, she argues that the judge's jury instructions were erroneous and therefore a new trial is required. Because the trial judge failed to instruct the jury as to the shifting burdens of proof in this case, we reverse and remand for a new trial.

Plaintiff's employment with SRS ran from November 1993 through April 1994. Plaintiff was employed as a clerk/receptionist, and her job description required her to have extensive contact with the general public both on the telephone and in person. According to plaintiff, her disability affected her ability to perform her job tasks. She requested telephone amplification and hearing aids to accommodate her hearing and communication problem. Neither were provided prior to SRS terminating her employment. At trial, plaintiff claimed that SRS was aware of her disability but failed to provide reasonable accommodation in violation of VFEPA. SRS claimed that plaintiff was fired because of poor work performance. A jury verdict was returned in favor of SRS. The jury found that plaintiff had a handicap, that the State was aware of the handicap, and that plaintiff could have performed the essential functions of her job with reasonable accommodation. However, the jury found that the State did not terminate her employment in violation of VFEPA. Judgment was entered accordingly on April 7, 1997.

On appeal, plaintiff claims that the jury was improperly instructed on two elements: first, that the trial judge erroneously instructed the jury that plaintiff was required to establish that she was "intentionally" discriminated against; and second, that the judge did not properly instruct the jury concerning the shifting burdens of proof. We find no error in the first instruction but do find error in the second.

VFEPA prohibits discrimination in employment against a qualified handicapped individual. To establish a claim under this statute, a plaintiff must show that she was a qualified handicapped individual and that she was excluded from her position because of her handicap. See *State v. G.S. Blodgett Co.*, 163 Vt. 175, 180, 656 A.2d 984, 988 (1995). A qualified handicapped individual is defined as "an individual with a handicap who is capable of performing the essential functions of the job or jobs for which [s]he is being considered with reasonable accommodation to h[er] handicap." 21 V.S.A. § 495d(6).

A party appealing a jury charge has the burden of establishing that the charge was both clearly erroneous and prejudicial. See *Mobbs v. Central Vt. Ry.*, 155 Vt. 210, 218, 583 A.2d 566, 571 (1990). In reviewing jury instructions, we look to them in their entirety. See *Winey v. William E. Dailey, Inc.*, 161 Vt. 129, 143, 636 A.2d 744, 753 (1993). Although the trial court has the responsibility to instruct the jury fully and correctly on every point raised by the material evidence, the degree of elaboration lies within its sound discretion. See *Currier v. Letourneau*, 135 Vt. 196, 204, 373 A.2d 521, 527 (1977). The propriety of an instruction must be determined by considering the charge as a whole with an eye to its general content, and not piecemeal in isolated segments. See *Forcier v. Grand Union Stores, Inc.*, 128 Vt. 389, 396, 264 A.2d 796, 801 (1970). If a charge as a whole "'breathes the true spirit and doctrine of the law and there is no fair ground to say that the jury has been misled,'" it ought to stand. *In re Moxley's Will*, 103 Vt. 100, 114, 152 A. 713, 718 (1930) (quoting *Fassett v. Town of Roxbury*, 55 Vt. 552, 556 (1883)).

Plaintiff first claims that the judge erroneously instructed the jury as to her burden of proof in showing that she was unlawfully discriminated against. The judge's instructions and jury interrogatories stated that, in order to prevail, plaintiff had to prove that SRS "intentionally" discriminated against her. She claims that this instruction was unnecessary and confusing since she needed to prove only that her hearing loss was a "motivating factor" in her discharge pursuant to *In re McCort*, 162 Vt. 481, 494, 650 A.2d 504, 512 (1994). This argument is without merit. The exact language of the judge's instructions clarified what "intentional discrimination" actually meant. The instructions stated that "[i]n order to recover, plaintiff must prove that defendants intentionally discriminated against her; in other words, that her hearing impairment was a *motivating factor* in defendants' decision to terminate plaintiff." (Emphasis added.) Therefore, it cannot be said that the jury was misled as to what the phrase "intentionally discriminated" actually meant.

A similar instruction was addressed in *Luciano v. Olsten Corp.*, 110 F.3d 210, 219 (2d Cir. 1997). In that case, the trial court took pains to sufficiently explain what was meant by "motivating factor" and "determinative influence." The reviewing court noted this explanation in finding the jury instructions "fundamentally correct." *Id.* Similarly, here the trial judge went to equal lengths to make clear that in order to find intentional discrimination, the jury had to find that plaintiff's physical impairment was a motivating factor in her termination. Because of this explanation, we find that the intent element was sufficiently defined in the jury instructions.

Plaintiff's second claim of error is that the judge did not explain the shifting burdens of proof in employment discrimination cases as required by *Graff v. Eaton*, 157 Vt. 321, 325-26, 598 A.2d 1383, 1385-86 (1991). In *Graff*, we remanded the case for a new trial because the trial judge failed to instruct the jury that, if it found that plaintiff had shown that gender was a motivating factor in the employment decision, then defendants had to prove that they would have made the

same decision even absent the discriminatory motive. See *id.* at 326, 598 A.2d at 1386. We based this determination on *Price Waterhouse v. Hopkins*, 490 U.S. 228, 244-45 (1989), where the Supreme Court held that such a shifting of burdens was appropriate in employment discrimination cases. Although the present case involves alleged discrimination based on a handicap and not gender, we think the same result should follow. In this instance, the jury should have been instructed that if Knapp showed that her handicap was a motivating factor in SRS's decision to terminate her employment, then SRS had to prove that it would have made the same decision even absent the discriminatory motive.

The need for the instructions on shifting burdens was real in this case. Several of SRS's reasons for terminating plaintiff's employment related, at least to some degree, to her handicap. For example, plaintiff was faulted for "inconsistency in the recording of specific information required for phone messages" and because "she can be loud to the point of disrupting other staff nearby." Plaintiff explained that these shortcomings were caused by her hearing impairment and by SRS's refusal to make reasonable accommodations for it by, for example, placing an amplifier on her telephone. If the jury knew that SRS had the burden to show that it would have made the same decision without the reasons related to plaintiff's handicap, it may have found that SRS failed to meet that burden. As we stated in *Graff*, the type of evidence presented by plaintiff "implies that an impermissible criterion was a factor in the employment decision, [and is] sufficient evidence for the jury to conclude that the employer's decision was, at least in part, discriminatory." 157 Vt. at 327, 598 A.2d at 1386. Thus, the failure of the trial court to give the *Graff* shifting burdens instruction was prejudicial in this case.

The State argues that because the jury found it had not "intentionally" discriminated, plaintiff must have failed to satisfy the burden-shifting requirement. As noted earlier, the trial court's misleading instruction on intentional discrimination was mitigated by the fact that it subsequently appeared to equate intentional discrimination with "motivating factor." Nevertheless, in light of the record evidence, we are not persuaded that this brief clarification necessarily negated the prejudice that resulted from the court's total failure to instruct on the State's burden of proof in the event it found that plaintiff's handicap was a motivating factor in the State's decision.

*Reversed and remanded.*

Motion for reargument denied July 13, 1998.