2003 VT 46

## Jill BAZZANO v. KILLINGTON COUNTRY VILLAGE, INC.

[830 A.2d 24]

No. 02-234

¶ 1. May 14, 2003. Plaintiff in this personal injury action appeals from a judgment based on a jury verdict in favor of defendant. Plaintiff contends the court erred in: (1) allowing testimony concerning the absence of prior accidents; (2) admitting a physician's report into evidence; (3) instructing the jury on plaintiff's burden of proof and comparative negligence; and (4) instructing on the effect of a safety statute violation. We affirm.

¶ 2. In February 1996, plaintiff Jill Bazzano and a friend went to the Back Behind Saloon Restaurant in the town of Bridgewater after a day of skiing in Killington. Plaintiff and her friend were seated in the back of the restaurant, in the "caboose" section. Plaintiff testified that she lost her footing as she descended the caboose's stairway on the way to the restroom. Because there was no handrail, she claimed that she reached up for the support pole overhead and wrenched her right shoulder, causing immediate and severe pain. After returning to her table and completing her meal, plaintiff left the restaurant and returned home to Connecticut. The next day, plaintiff went to a hospital emergency room and was diagnosed with a torn rotator cuff. She subsequently underwent two surgeries on her shoulder, followed by two intense courses of physical therapy. Plaintiff filed a negligence action against defendant Killington Country Village, Inc. d/b/a The Back Behind Saloon Restaurant. After a four day trial, the jury returned a special verdict in favor of defendant. The jury found plaintiff fifty-one percent negligent and defendant forty-nine percent negligent, resulting in no award of damages to plaintiff. 12 V.S.A. § 1036. This appeal followed.

¶ 3. Plaintiff first contends the court erred in allowing defendant to present testimony that no prior accidents had occurred on the stairs in order to prove the absence of a defect under *Mobbs v. Central Vermont Ry.*, 155 Vt. 210, 583 A.2d 566 (1990). In *Mobbs*, we held that "[g]enerally, when the party seeking admission of the evidence can show substantial similarity of conditions, evidence of no prior accidents is admissible to show '(1) absence of the defect or condition alleged, (2) the lack of a causal relationship between the injury and the defect or condition charged, (3) the nonexistence of an unduly dangerous situation, or (4) want of knowledge (or of grounds to realize) the danger.'" *Id.* at 226-27, 583 A.2d at 575.

¶ 4. Here, the restaurant's prior owner of twenty-five years and two long-time employees all testified that they had no knowledge of anyone falling on the stairs prior to the plaintiff's accident. Plaintiff argues that the testimony was unreliable to establish the absence of prior accidents, and that *Mobbs* requires a documented safety record for such evidence to be admissible. Although *Mobbs* involved railroad safety records, nothing in the opinion requires documented records to the exclusion of the testimony of an owner or employee based upon his or her recollection. Indeed, *Mobbs* relied upon *Erickson v. Walgreen Drug Co.*, 232 P.2d

210 (Utah 1951), in which the Utah Supreme Court concluded that the trial court erred in excluding "testimony that approximately 4,000 to 5,000 persons entered the appellant's store every day but that during the fifteen year period prior to the respondent's fall, the management had never received a single complaint or report about anyone slipping." *Id.* at 214; see also *Evans v. State*, 18 P.3d 227, 233 (Idaho Ct. App. 2001) (relying on *Mobbs* to uphold admissibility of a swimming facility manager's testimony that he could not recall more than four prior accidents resulting from the 10-meter diving platform).

¶ 5. The reliability and relevance of the testimony was for the trial court's determination in the first instance. "Trial courts have broad discretion in ruling on the relevance and admissibility of evidence, reversible only for abuse of that discretion." *Southface Condo. Owners Ass'n, Inc. v. Southface Condo. Ass'n, Inc.*, 169 Vt. 243, 249, 733 A.2d 55, 60 (1999). We cannot conclude that the trial court abused its discretion in admitting the evidence. There was testimony that the stairs remained in the same condition since 1975. The former owner estimated that he had walked up and down the stairs thousands of times and had never fallen or heard of any prior accidents. The former employees' testimony was to the same effect. Accordingly, we discern no abuse of discretion in admitting the testimony.

¶ 6. Plaintiff also contends the testimony should have been excluded because it was irrelevant, confusing, and prejudicial. The trial court correctly ruled, however, that the absence of prior accidents was relevant and admissible to show an "'absence of the defect or condition alleged.'" *Mobbs*, 155 Vt. at 226, 583 A.2d at 575. Plaintiff argues that the evidence was unduly confusing because it suggested that the defendant's liability was negated by the lack of notice of a dangerous condition. This argument rests on

plaintiff's contention that the absence of a railing violated a safety code provision, which established negligence per se. The premise of the argument is flawed, however, as we have held that a violation of a safety statute does not demonstrate negligence per se. "Even if we could agree that plaintiffs showed that defendants violated the statutes, we cannot agree that this violation is negligence per se." *Dalmer v. State*, 174 Vt. 157, 164, 811 A.2d 1214, 1221 (2002). Rather, "proof of the violation of a safety statute creates a prima facie case of negligence." *Bacon v. Lascelles*, 165 Vt. 214, 222, 678 A.2d 902, 907 (1996). Finally, plaintiff argues that the testimony was unduly prejudicial, warranting reversal. "The court has broad discretion in determining whether the probative value of relevant evidence outweighs any prejudicial effect." *Ulm v. Ford Motor Co.*, 170 Vt. 281, 290, 750 A.2d 981, 989 (2000). Plaintiff has not carried the heavy burden of showing such an abuse of discretion.

¶ 7. Plaintiff also contends the court erred in admitting a medical report by Dr. Beebe, an orthopedic surgeon who examined plaintiff sixteen days prior to the accident. The report indicated that plaintiff had been referred to him by her physician for knee pain, and stated that plaintiff had complained of knee pain and difficulty climbing and descending stairs. The court initially admitted the evidence as a prior inconsistent statement. Plaintiff contends the report was inadmissible hearsay and ultimately was not limited to its admission as an inconsistent statement. "The trial court is accorded wide latitude in making such evidentiary rulings, and we will not disturb its decision absent a showing of abuse of discretion." *Mears v. Colvin*, 171 Vt. 655, 658, 768 A.2d 1264, 1268 (2000) (mem.). Plaintiff has not demonstrated that the court abused its discretion in admitting Dr. Beebe's report, which was admissible not only for the limited purpose determined by the court, but also for its truth as a

hearsay exception under V.R.E. 803(4) (statements for purposes of medical diagnosis or treatment). Therefore, we discern no error.

¶ 8. Plaintiff next contends the court erroneously and improperly overemphasized plaintiff's burden of proof in its instructions to the jury by referring to the burden on at least seven different occasions, and in detail. "A party appealing a jury charge has the burden of establishing that the charge was both clearly erroneous and prejudicial." *Knapp v. State*, 168 Vt. 590, 591, 729 A.2d 719, 720 (1998) (mem.). Here, plaintiff has not demonstrated how the court, in referring to plaintiff's burden of proof on multiple occasions, was "both clearly erroneous and prejudicial." *Id.* No claim is made that the court misstated the burden, and a review of the charge as a whole reveals that its statement of the law was balanced, fair, and accurate. See *id.* (propriety of instructions must be determined by considering charge as a whole). Accordingly, we discern no basis to disturb the judgment.

¶ 9. Plaintiff next contends that the court erred when it neglected to re-read the comparative negligence charge in response to a jury question and instead improperly engaged in a colloquy with the jury. We review the court's response to the jury as a whole. "The propriety of an instruction must be determined by considering the charge as a whole with an eye to its general content, and not piecemeal in isolated segments." *Id.* If a charge " 'as a whole breathes the true spirit and doctrine of the law and there is no fair ground to say that the jury has been misled,' " it ought to stand. *In re Moxley's Will*, 103 Vt. 100, 114, 152 A. 713, 718 (1930) (quoting *Fassett v. Town of Roxbury*, 55 Vt. 552, 556 (1883)). Here, the record discloses that during its deliberations the jury sent a question to the court, inquiring whether it could "award '0' damages if we find for partial negligence on both parties." Plaintiff cites one

line from the court's lengthy response, asserting that it somehow implied the court's personal belief that defendant was not negligent. Viewed in its entirety, however, the court's response to the jury clearly communicated the correct comparative negligence principles, and did not suggest any improper bias or preconceptions. There was no error.

¶ 10. Finally, plaintiff contends the court should have granted her motion for a directed verdict based on a finding of negligence per se, or instructed the jury that a violation of a safety statute was negligence per se. As we noted earlier, plaintiff was not entitled to a finding of negligence per se, see *Dalmer*, 174 Vt. at 164, 811 A.2d at 1221, and plaintiff failed to object to the court's instruction on violation of a safety statute before the verdict. At the conclusion of its instructions, the court simply indicated that all prior objections would be preserved. As we explained in *Winey v. William E. Dailey, Inc.*, 161 Vt. 129, 138, 636 A.2d 744, 750 (1993), however, "we do not believe that a blanket reference made after the charge to arguments made before the charge, even if allowed by the trial court, complies with Civil Rule 51(b)." See V.R.C.P. 51(b) ("No party may assign as error the giving or the failure to give an instruction unless that party objects thereto before the jury retires to consider its verdict."). Therefore, the claim was not preserved for review on appeal.

*Affirmed.*