2006 VT 77

**Edward J. Barber v. Lucy LaFromboise**

[908 A.2d 436]

No. 05-006

Present: **Reiber, C.J., Dooley, Johnson, Skoglund and Burgess, JJ.**

Opinion Filed August 4, 2006

152

*Deborah T. Bucknam* and *Jennifer Bucknam Black* of *Deborah Bucknam Associates*, St. Johnsbury, for Plaintiff-Appellant.

*Robin Ober Cooley* of *Pierson Wadhams Quinn Yates & Coffrin*, Burlington, for Defendant-Appellee.

¶ 1. **Reiber, C.J.** Plaintiff in this personal injury case appeals from a judgment, based on a jury verdict, in favor of defendant. Plaintiff asserts, among other claims, that the trial court committed prejudicial error in refusing to instruct that defendant had the burden to prove the essential elements of her affirmative defense of comparative negligence. We agree, and therefore reverse the judgment and remand for further proceedings.

¶ 2. The record evidence may be summarized as follows. In the early evening hours of November 5, 1999, plaintiff Edward J. Barber was proceeding south on Route 105 in the Town of Derby when he struck a vehicle driven by defendant Lucy LaFromboise which was attempting to turn left onto Route 105 from Route 5. Plaintiff testified that he approached the intersection at a speed of about thirty to thirty-five miles per hour (the speed limit was thirty-five miles per hour), but slowed to about fifteen miles per hour because the vehicle immediately in front of him was also slowing and signaling to turn right. Plaintiff recalled that he closed to within ten feet of the vehicle as it turned right, and then proceeded straight ahead when he saw defendant's vehicle turning left directly across his path. Plaintiff braked but could not avoid colliding with defendant. Plaintiff testified that he had no intention of turning right, and denied having his right-turn signal activated.

¶ 3. Defendant testified that she was traveling east on Route 5 when she came to a stop at a stop sign where the road intersects with Route 105. She recalled activating her left-turn signal while she observed the traffic traveling south on Route 105. Defendant stated that she saw several cars, including plaintiff's, with their right-turn signals on, assumed that plaintiff intended to turn right, and therefore proceeded into the intersection to turn left, where she was immediately struck by plaintiff's vehicle.

¶ 4. Defendant further recalled that, after the accident, plaintiff approached her vehicle in an agitated state and began to swear at her. Defendant stated that she smelled alcohol on plaintiff's breath and decided to stay in her car. A police officer responding to the scene recalled speaking with both drivers. The officer's accident report indicated that defendant claimed to have seen plaintiff signaling a right turn, while plaintiff denied that his signal was on. While conversing with plaintiff, the officer smelled alcohol and noted that plaintiff's eyes were bloodshot, his stance was unsteady, he avoided the officer, and he refused to answer questions about the times of his first and last drinks.

Plaintiff acknowledged having had two drinks earlier in the day, which he described as scotch and sodas. The officer arrested plaintiff and processed him for driving under the influence.[1]

¶ 5. Although the officer's report contained no indication of any injuries to the parties, plaintiff later claimed that the impact from the collision had exacerbated a gastrointestinal condition and hiatal hernia that had been surgically repaired two years earlier. Plaintiff filed a personal injury action against defendant in September 2002. Defendant raised the affirmative defense of comparative negligence. At the conclusion of a three-day trial in October 2004, the trial court denied plaintiff's motion for judgment as a matter of law on the issue of defendant's negligence and plaintiff's comparative negligence. The jury then returned a special verdict, finding that both parties had been negligent, but attributed seventy-two percent of the fault to plaintiff and twenty-eight percent to defendant, so that plaintiff recovered nothing. The court denied plaintiff's motion for judgment notwithstanding the verdict or new trial. This appeal followed.

I.

¶ 6. On appeal, plaintiff asserts that the trial court erred in refusing to direct a verdict in his favor on comparative negligence, and in failing to instruct on the essential principles of that doctrine. As explained more fully below, we conclude that the court did not err in submitting the issue of plaintiff's negligence to the jury, but did err in refusing to instruct as to defendant's burden of proof.

¶ 7. Under our comparative negligence statute, a plaintiff in a negligence action may recover damages if his or her own causal negligence is not greater than that of the defendant. 12 V.S.A. § 1036. Allocation of the respective percentages of causal negligence attributable to the plaintiff and defendant is generally a fact question for the jury, and plaintiff's recovery is automatically reduced according to the proportional amount of his or her causal negligence. *Id.*; *Gilman v. Towmotor Corp.*, 160 Vt. 116, 121, 621 A.2d 1260, 1262-63 (1992); *Shea v. Peter Glenn Shops, Inc.*, 132 Vt. 317, 319, 318 A.2d 177, 178 (1974). In determining whether to grant a motion for judgment as a matter of law

---

[1] Subsequent criminal and civil-suspension proceedings against plaintiff were dismissed because of deficiencies in the administration of plaintiff's blood alcohol tests. The trial court barred the admission of plaintiff's test results in this proceeding, as well.

or, alternatively, to submit an issue such as comparative negligence to the jury, the court must view the evidence in the light most favorable to the nonmoving party, excluding the effects of any modifying evidence. *Schaad v. Bell Atl. Nynex Mobile, Inc.*, 173 Vt. 629, 631, 800 A.2d 455, 458 (2002) (mem.).

¶ 8. As noted, defendant's comparative negligence claim rested principally on evidence that plaintiff exhibited some signs consistent with having been driving while under the influence of alcohol, and testimony that plaintiff's right-turn signal was activated and that he slowed as he entered the intersection. Defendant asserted that these actions reasonably conveyed plaintiff's intention to turn right, and that by proceeding through the intersection instead he negligently contributed to the accident. Plaintiff contends, however, that because he generally had the right of way under the applicable rules of the road, defendant was barred as a matter of law from asserting that his actions contributed to the accident.

¶ 9. The trial court properly rejected the contention. Substantial case law supports the principle that a motorist may be found negligent or contributorily negligent for "proceeding straight after signaling a turn" notwithstanding a general right-of-way to proceed. *Jackson v. Warrum*, 535 N.E.2d 1207, 1211 (Ind. Ct. App. 1989) (rejecting plaintiff's claim that defendant was barred as a matter of law from asserting plaintiff's contributory negligence for accident resulting, in part, from plaintiff's proceeding straight after signaling a turn); accord *Pelayo v. Bell*, 477 P.2d 537, 539 (Ariz. Ct. App. 1970) (rejecting plaintiff's claim that trial court erred in failing to direct a verdict in his favor on defendant's contributory negligence claim where defendant claimed that plaintiff's right-turn blinker mistakenly led defendant to believe it was safe to turn); *Summers v. Weyer*, 226 N.E.2d 904, 906 (Ind. Ct. App. 1967) (observing "there can be little doubt that proceeding straight ahead after signaling a turn might constitute actionable negligence"); *Dotson v. Cantrell*, 458 S.W.2d 10, 12 (Ky. Ct. App. 1970) (rejecting claim that court erred in allowing jury to determine whether plaintiff, whose turn signal and slowing speed induced defendant to enter intersection, was proximate cause of the accident); *Trainer v. Gibson*, 360 So. 2d 1226, 1228 (Miss. 1978) (holding jury was entitled to consider defendant's contributory negligence claim based on her assertion that she was mistakenly induced to turn into intersection where plaintiff had turn signal on but instead proceeded through the

intersection); *Harris v. Moyer*, 680 N.Y.S.2d 351, 352 (App. Div. 1998) (holding that defendant's violation of traffic rule for failure to yield right of way did not preclude her contributory negligence claim based on her testimony that plaintiff's turn signal mistakenly induced her to turn into intersection); *Wardell v. Jerman*, 423 P.2d 485, 486 (Utah 1967) (rejecting plaintiff's claim that defendant was negligent as a matter of law, and could not assert contributory negligence, because plaintiff was traveling straight and had the right of way, where evidence showed that "plaintiff's left-turn signal was turned on so early that it lead the defendant to believe that plaintiff was going to turn"). But see *Timmins v. Russomano*, 236 N.E.2d 665, 667 (Ohio 1968) (right of way of plaintiff traveling on highway was absolute and could not be rebutted by defendant's mistaken reliance on plaintiff's turn signal). See generally M. Yaworsky, Annotation, *Negligence or Contributory Negligence of Motorist in Failing to Proceed in Accordance With Turn Signal Given*, 84 A.L.R.4th 124, 153-55 (1991).[2]

¶ 10. Consistent with these decisions, we conclude that the trial court properly rejected plaintiff's motion for judgment as a matter of law. As the court in *Warrum* cogently explained: "The issue of the motorist's contributory negligence depends on *all* the facts and circumstances of the case including but not limited to the motorist's use of a turn signal, the slowing of speed, the motorist's lane of travel, and all other facts that bear on the motorist's apparent intention to turn." 535 N.E.2d at 1211; accord *Dotson*, 458 S.W.2d at 12 (jury was entitled to decide "whether plaintiff by her conduct under the total circumstances — i.e., activating the turn signal, slowing her speed, and traveling in the right-turn lane — failed to exercise ordinary care and whether such failure on her part was a proximate cause of the colli-

---

[2] Although *Timmins*, the Ohio decision on which plaintiff principally relies, suggests that the cases are not entirely uniform in allowing an affirmative defense based on the plaintiff's proceeding straight after signaling a turn, it is worth observing that Ohio was not at the time a comparative negligence state, so that the defendant's successful showing of contributory negligence by the plaintiff resulted in an absolute judgment for the defendant, rather than an allocation of fault and comparable reduction in the plaintiff's recovery. 236 N.E.2d at 666. Prosser has noted that the harshness of this all-or-nothing rule led many courts in the past to hold that the plaintiff's conduct was not negligent as a matter of law. W. Keeton, Prosser and Keeton on Torts § 67, at 469 (5th ed. 1984). Whether or not this was the motivation in *Timmins*, we are not persuaded that an absolute bar to recovery in these circumstances is the better-reasoned rule, or consistent with the comparative fault approach that we employ in Vermont.

sion"); *Wardell*, 423 P.2d at 486 ("[R]ight of way does not exist thus in isolation and is not absolute. Other factors must be considered."). The evidence here, including defendant's testimony that she observed plaintiff's right-turn signal and plaintiff's acknowledgment that he slowed as he entered the intersection, was sufficient to support the comparative negligence defense.

¶ 11. Plaintiff next contends the court improperly refused to instruct on the essential principles of comparative negligence, specifically as to defendant's burden to establish by a preponderance of the evidence that plaintiff was also negligent and that his negligence was a proximate cause of the accident. As noted, comparative negligence comprised the heart of defendant's theory at trial, based on her claim that she was induced by plaintiff's actions to believe that it was safe and reasonable to enter the intersection and turn left. Although plaintiff disputed the claim, and opposed the giving of a comparative negligence instruction, he requested that any such instruction require defendant to prove that plaintiff's negligence was a proximate cause of the accident. The court indicated that the request was "adequately dealt with in the comparative negligence instruction," apparently referring to the court's own set of instructions.

¶ 12. In its subsequent instructions to the jury, the court explained that there was a separate burden of proof in civil, as distinct from criminal cases, and that "[i]n this civil case the burden of proof is on the plaintiff, Mr. Barber, to make out and establish every essential element of his case" by a preponderance of the evidence. The court went on to repeat at least four additional times that plaintiff had the burden of proving that defendant was negligent, that her negligence was a proximate cause of the accident, and that the accident was the cause of plaintiff's alleged injuries. The court then briefly discussed the concept of comparative negligence, observing that the Legislature had determined that "the jury should be permitted to compare the relative negligence of the parties." The court explained as follows: "You have to consider whether or not the plaintiff was negligent in a way which proximately caused his own injuries. . . . [I]f you find the plaintiff was also guilty of negligence, then you must determine whether or not the plaintiff's negligence was greater than that of the defendant's. If it was, then you must find for the defendant and award the plaintiff nothing. . . . If the plaintiff's negligence is fifty percent or less, then you will award damages to the plaintiff."

¶ 13. At the conclusion of the instructions, plaintiff's counsel objected that the court had failed to instruct, with regard to comparative negligence, that it was defendant's burden to prove plaintiff's negligence. The court declined to alter or revisit the charge. Thereafter, as noted, the jury returned a special verdict, finding that both parties had been negligent, but allocating seventy-two percent of the negligence to plaintiff, so that he recovered nothing. Plaintiff restated his objection to the comparative negligence instruction in his post-judgment motion for judgment notwithstanding the verdict or new trial, which the court denied.

¶ 14. The standards on review of alleged instructional error are well settled. It is the trial court's duty to instruct on all issues essential to the case. *Malaney v. Hannaford Bros. Co.*, 2004 VT 76, ¶ 21, 177 Vt. 123, 861 A.2d 1069 (quotations omitted). A party alleging that the court failed to give an essential instruction must establish that the omission was both clearly erroneous and prejudicial. *Knapp v. State*, 168 Vt. 590, 591, 729 A.2d 719, 720 (1998) (mem.). The propriety of an instruction is to be determined from the charge as a whole with a view to its general content, not merely from isolated segments. *Id.* While the trial court enjoys broad discretion over the extent to which it elaborates on the points charged, still "the charge as a whole must impart the spirit of the law so that the jury is not misled." *Malaney*, 2004 VT 76, ¶ 21.

¶ 15. Assessed in light of these standards, we are constrained to conclude that the court's refusal to instruct on defendant's burden of proof was both clearly erroneous and prejudicial. A fundamental tenet of the comparative negligence doctrine in this and other states is that the defendant, in asserting such a defense, bears the burden of proving by a preponderance of the evidence that the plaintiff was negligent and that such negligence was a proximate cause of the plaintiff's injuries. See *Frost v. Tisbert*, 135 Vt. 345, 347, 376 A.2d 748, 749-50 (1977) (under comparative negligence statute, 12 V.S.A. § 1036, burden is on defendant to show negligence on the part of the plaintiff); accord *Am. Furniture Galleries, Inc. v. McWane, Inc.*, 477 So. 2d 369, 372 (Ala. 1985) ("Upon raising the affirmative defense of contributory negligence, defendant has the burden of proving that (1) plaintiff failed to use due care for his own . . . safety, and (2) that such a failure was a proximate cause of the injury."); *Hano v. La. Dep't of Transp. & Dev.*, 519 So. 2d 796, 798 (La. Ct. App. 1987) ("A defendant who relies on contributory negligence as a defense bears the burden of proving plaintiff's negligence and that such negligence was a contributory cause of the accident."); *Moodie v. Santoni*, 441 A.2d 323, 325 (Md.

1982) ("The burden of proving contributory negligence is on the defendant."); *Hanlon v. Sorenson*, 433 A.2d 60, 63 (Pa. Super. Ct. 1981) ("A defendant must assume the burden of establishing a plaintiff's contributory negligence."); see generally W. Keeton, Prosser and Keeton on Torts § 65, at 451 (5th ed. 1984) ("All courts now hold that the burden of pleading and proof of the contributory negligence of the plaintiff is on the defendant.").

■ ¶ 16. Few issues in a lawsuit of any nature are more essential than burden of proof. See *Knapp*, 168 Vt. at 592, 729 A.2d at 721-22 (holding that trial court's "total failure to instruct on the State's burden of proof" in employment discrimination case was prejudicial and required reversal); *Stoddard Bros. v. Howard*, 101 Vt. 1, 5, 139 A. 776, 777 (1928) (failing to instruct on burden of proof required reversal, despite defendant's failure to so request, since "there can be no doubt that the question as to who had the burden of proof on the only issue in fact raised was an essential part of the case"). Thus, where the issue of comparative negligence is raised and the evidence supports it, the court *must* instruct that just as the plaintiff bore the burden of proof in showing that the defendant was negligent, the defendant bears the burden of proving by a preponderance of the evidence that the plaintiff was also negligent, and that such negligence, if any, was a proximate cause of the injuries alleged. See generally *Ross v. Paddy*, 532 S.E.2d 612, 616-17 (S.C. Ct. App. 2000) ("[S]tates finding comparative negligence to be an affirmative defense require the judge to charge the jury that the burden of proof shifts to the defendant to prove the plaintiff's comparative negligence."); see also J. Dinse et al., Vermont Jury Instructions: Civil and Criminal § 7.28, at 7-79 (1993) (setting forth model jury instruction on comparative negligence requiring charge on defendant's burden of proof).

¶ 17. Furthermore, because it is central to the ultimate issue of liability and the jury's proper resolution of that issue, failure to give the burden-of-proof instruction on comparative negligence has been held to constitute prejudicial error requiring reversal of the judgment. See, e.g., *May v. Wash., Va. & Md. Coach Co.*, 197 A.2d 267, 268 (D.C. 1964) (holding that court must instruct on defendant's burden of proof "in every case where the question of contributory negligence is submitted to the jury" and that "its omission constitutes prejudicial error"); *Arnel v. Roettgen*, 530 S.W.2d 20, 23 (Mo. Ct. App. 1975) (concluding that erroneous failure to instruct on defendant's burden of proof on

contributory negligence claim was "obviously prejudicial"), *overruled on other grounds, Beeny v. Shaper*, 798 S.W.2d 162, 163 (Mo. Ct. App. 1990); *Woods v. J.R. Liquors, Inc.*, 446 N.Y.S.2d 64, 65 (App. Div. 1982) (observing that although multiple errors in the charge to the jury required a new trial, "[t]he most serious was the failure in this comparative negligence case to charge that defendants had the burden of proof of showing plaintiff's contributory negligence"); *Ross*, 532 S.E.2d at 617 (holding that court's failure to give requested instruction that defendant bore the burden to prove plaintiff's comparative negligence constituted reversible error).

¶ 18. Obviously, in the absence of plaintiff's requested instruction, the jury here was never specifically instructed that insofar as plaintiff's alleged negligence could be relied upon to reduce or — if greater than fifty percent — entirely bar his recovery, the burden of proof was on defendant. The only direction given to the jury, and that repeatedly, was that "the burden of proof is on the *plaintiff*, Mr. Barber, to make out and establish every essential element of his case." (Emphasis added.) The jury may thus have been confused as to the nature of defendant's burden, or affirmatively misled to believe that it was somehow plaintiff's burden to disprove defendant's allegations, resulting in a verdict in defendant's favor in the allocation of fault. As the court — in the analogous context of contributory negligence — concluded in *Arnel*:

> When the error is in the omission of instruction on defendant's burden of proof on a contributory negligence defense, the jury receives only a direction that the burden of proof is on the plaintiff, and the jury can hardly escape the conclusion that it is upon the plaintiff to prove his freedom from contributory negligence.

530 S.W.2d at 23.

¶ 19. Nor did the instructions, taken as a whole, convey the proper message concerning defendant's burden. The closest the court came to implying that defendant might have any burden of proof was a statement toward the beginning of the instructions, explaining the concept of preponderance of the evidence in terms of a "scale," and stating that "if the defendant's evidence makes down weight on the scales, or the scales stand even, then the defendant is entitled to your

verdict."[3] While the metaphor suggests that defendant may carry some burden of proof, it does nothing to relate that burden to the elements and proof requirements of comparative negligence, a subject which the court did not address until much later in its instructions. Thus, we cannot conclude with any confidence that the jury made a connection between the "scales" metaphor and the comparative negligence doctrine, much less that they understood it to mean that defendant had the burden to prove all the essential elements of her comparative negligence claim. See *Knapp*, 168 Vt. at 592, 729 A.2d at 722 (rejecting the State's claim that the trial court's brief, accurate clarification of the law "negated the prejudice that resulted from the court's total failure to instruct on the State's burden of proof"). Furthermore, while the court expressly instructed that it was plaintiff's burden to prove not only that defendant was negligent, but also "to prove by a preponderance of the evidence that the negligence was the proximate cause of his injuries," the court gave no corresponding instruction on defendant's burden. The court did not instruct that — for purposes of establishing plaintiff's comparative negligence — it was defendant's burden to prove that plaintiff's negligence was a proximate cause of the accident. Where, as here, evidence was introduced that plaintiff had consumed alcohol, and the jury was specifically instructed that they could consider whether alcohol had impaired plaintiff's ability to operate his vehicle, an instruction clearly delineating defendant's burden of proof on this issue was essential.

¶ 20. We hold, therefore, that the trial court's failure to instruct on defendant's burden of proof was prejudicial error, and requires reversal of the judgment.

¶ 21. Plaintiff also contends the court erred in declining to direct a verdict in his favor on defendant's liability for the violation of several traffic statutes.[4] In fact, the jury expressly found that defendant was

---

[3] The court's full statement was as follows:

> Think of a set of legal scales, if you will. That of the plaintiff on one side, and that of the defendant on the other. If the plaintiff's evidence makes down weight on the scales, he is entitled to your verdict. On the other hand, if the defendant's evidence makes down weight on the scales, or if the scales stand even, then the defendant is entitled to your verdict.

[4] Plaintiff relied at trial on several traffic safety statutes providing that a driver intending to turn left at an intersection, or stopped at an intersection, must yield the

negligent; thus, any possible error in this regard was harmless. Furthermore, it is well settled the violation of a safety statute is not negligence per se, but rather creates a prima facie case of negligence which then shifts the burden of production to the party against whom the presumption operates. *Bazzano v. Killington Country Vill., Inc.*, 2003 VT 46, ¶ 6, 175 Vt. 534, 830 A.2d 24 (mem.). Defendant met that burden here through her testimony that plaintiff's activated turn signal and slowing rate of speed through the intersection induced her to make the turn, a response which the jury could have found to be reasonable, as well as through other evidence that plaintiff was intoxicated and therefore may not have been aware of his turn signal or in full control of his vehicle. Accordingly, we conclude that the court did not err in denying the motion for judgment as a matter of law on defendant's liability.

## II.

¶ 22. Plaintiff raises a number of additional claims which we address briefly for the benefit of the court on remand. Plaintiff argues the court erred in admitting evidence of his alleged intoxication because it was irrelevant to the issue of proximate cause. Plaintiff's argument rests on the testimony of his accident reconstruction expert, Dr. Richard McLay, who concluded — based on the locations of plaintiff's and defendant's vehicles just before the collision — that plaintiff had no time to avoid the accident. Thus, plaintiff argues that any intoxication on his part was irrelevant to the cause of the accident. Plaintiff's argument overlooks several key points raised at trial. First, Dr. McLay conceded that his analysis was based on the fact that plaintiff was following very closely behind the driver immediately in front of him, and acknowledged that plaintiff could have avoided the accident if he had been several car lengths farther back. Plaintiff's alleged intoxication was thus relevant to whether he was driving in an unsafe manner in this regard. In addition, defendant argued, and the court found, that plaintiff's intoxication was relevant to his overall awareness at the time of the accident, and, in particular, his knowledge as to whether his turn signal was or was not activated. Accordingly, we find no error in the court's admission of the evidence of intoxication.

---

right of way to any vehicle approaching from another direction and which has entered the intersection, and must not make the turn unless it can be made with reasonable safety. 23 V.S.A. §§ 1046, 1047, 1064.

¶ 23. In a related vein, plaintiff argues that the court admitted the intoxication evidence solely for the purpose of assessing his competence, i.e., his ability to accurately recall the events surrounding the accident, and that any probative value in this regard was substantially outweighed by the danger of undue prejudice, under V.R.E. 403. The court made it clear, however, that it considered the intoxication evidence to be relevant on several fronts, including plaintiff's ability to recollect the events surrounding the accident, his capacity to safely control the vehicle, and his overall awareness of what was transpiring at the time of the accident, including in particular whether his turn signal was activated.[5] Consistent with its ruling, the court instructed the jury that it could consider evidence of intoxication with respect to whether it affected plaintiff's ability to recall events or impaired his operation of his vehicle. We thus find no basis to conclude that the court abused its discretion in rejecting plaintiff's assertion that the probative value of the evidence was substantially outweighed by its prejudicial effect. See *Pirdair v. Med. Ctr. Hosp. of Vt.*, 173 Vt. 411, 418, 800 A.2d 438, 444 (2002) (court's discretionary ruling under V.R.E. 403 is "given considerable latitude on appeal" and burden to show abuse of discretion "is heavy") (internal citation omitted).

¶ 24. Plaintiff also claims there was insufficient evidence to support the court's instruction on safety statutes relating to a driver's duty not to follow another vehicle more closely "than is reasonable and prudent," 23 V.S.A. § 1039(a), and a driver's duty not to drive "at a speed greater than is reasonable," *id.* § 1081(a). As noted, however, there was testimony that plaintiff was following very closely behind the

---

[5] As the court explained, "under the circumstances, the consumption of alcohol and its effect on the mind and the ability to recollect what was going on and the ability to maintain control is of crucial relevance here." Later, the court ruled that it planned to instruct on intoxication "and how a jury can consider that evidence in terms of a witness's competence, and also on the issue of whether there had been any violations of any safety statutes in this case, such as failure to maintain control, the signal issue, and simply recollection of events." As the court explained: "I think its probative on all of those things." Although at a later point during the charge conference the court stated that the "critical nature of the alcohol in this case" concerned plaintiff's ability to recall events, it again explained that the evidence was also "relevant on the issue of whether he failed to maintain control of his vehicle," and plaintiff's credibility "as to whether the signal was on or not." The record thus reveals that the evidence of intoxication was admitted for several reasons, and the court instructed the jury accordingly.

vehicle immediately in front of him, and that allowing a greater distance might have allowed him to avoid the accident. Accordingly, the instruction on this issue was proper. See *Green Mountain Inv. Corp. v. Flaim,* 174 Vt. 495, 497, 807 A.2d 461, 463 (2002) (mem.) (requiring jury charge on all issues raised by pleadings and supported by the evidence). Plaintiff's claim with respect to the issue of excessive speed is more firmly grounded, as there was no evidence that plaintiff exceeded the speed limit of thirty-five miles per hour; indeed, defendant alleged that plaintiff had, in fact, slowed as he entered the intersection as if to turn. Accordingly, we conclude that the instruction on this point was error.

¶ 25. Finally, plaintiff contends the court erroneously admitted a portion of the testimony of Dr. Peter Moses, a gastroenterologist called by defendant. Plaintiff asserts that the expert was not qualified to give an opinion as to whether the collision could have caused plaintiff's alleged injuries because he "has no physics, engineering or surgical background." The record discloses that Dr. Moses's testimony was based on his "fairly extensive" experience in treating "multi-trauma patients," and consisted of his observation that "it would be very unusual to have traumatic injury to any organ system that isn't apparent in some way immediately," and that given plaintiff's lack of symptoms after the accident it did not "make sense to me that it would cause severe trauma to the internal organs." Dr. Moses later added that there was no scientific data linking motor vehicle accidents and recurrent hiatal hernias. Contrary to plaintiff's claim, the court could reasonably have concluded that the testimony was within Dr. Moses's area of expertise and experience. Accordingly, we find no basis to conclude that the court erred in allowing its admission. See *USGen New England, Inc. v. Town of Rockingham,* 2004 VT 90, ¶ 22, 177 Vt. 193, 862 A.2d 269 (we review court's decision to admit witness's testimony for abuse of discretion).

*Reversed and remanded for further proceedings consistent with the views expressed herein.*