Filed 10/21/24

VERMONT SUPERIOR COURT

Orange Unit
5 Court Street
Chelsea VT 05038
802-685-4610
www.vermontjudiciary.org



CIVIL DIVISION

Case No. 23-SC-01258

---

**Michael Bernier v. Town of Orange**

---

# SMALL CLAIMS JUDGMENT

A Small Claims Complaint was filed on May 08, 2023.

On June 27, 2023 Defendant(s) filed an Answer with the Court.

Defendant ☐ did ☒ did not file a counterclaim.

Trial by Court took place on 10/18/2024.

The Plaintiff:

☒ was present and appeared ☒ pro se

The Defendant:

☒ was present and appeared with counsel Name of counsel: Marikate E. Kelley

☒ Based upon the evidence presented and findings made on the record. the Court finds as follows: This matter was filed in May 2023. Plaintiff claims that the Town of Orange's plow truck struck his pickup truck on December 17, 2022 while it was parked on the shoulder of a public right of way just after a snow storm. Defendant Town disputes this claim. Plaintiff seeks $3,182.68 for repairs to the truck and $700 for a rental car. Defendant disputes these amounts. This case was initially heard by Judge French on April 19, 2024. The matter was continued to allow Plaintiff to present a rebuttal witness. Before this second hearing could be conducted, Judge French rotated out of the assignment. The undersigned conducted the second hearing on October 18, 2024. At that hearing, the Court gave both parties an opportunity to present any rebuttal or supplemental testimony that they wished to add to the record. Both sides had witnesses and additional exhibits. By consent of the parties, the Court closed the evidentiary hearing. Following this hearing, the Court reviewed the record and testimony from the April 19th hearing. From the testimony and exhibits presented at the April 19th and October 18th hearings, the Court makes the following findings.

Plaintiff lives on Helgesen Road in Orange, Vermont. Helgesen Road is an unpaved, macadam road with a narrow lane of travel. Judging by the photos, the travelled portion of the lane is barely wide enough to accommodate two cars passing each other in summer. In winter, the road narrows with the encroaching snowbanks to leave a narrower lane of travel.

On December 17, 2022, Plaintiff and his spouse were shoveling out their driveway following a snowstorm. As part of this work Plaintiff moved his two cars out of their driveway and parked them along the side of Helgesen Road. At some point during this work, Matthew Wadsworth, an employee of the Town of Orange, began plowing Helgesen Road. Wadsworth's first pass along the road occurred without incident. When Wadsworth reached the cul-de-sac at the end of Helgesen, he turned around and began plowing back up Helgesen Road.

The Town's plow truck has a large front plow and a side plow known as a wing plow. The wing plow can be raised and lowered as well as swung out at an angle along the passenger side of the truck. According to Wadsworth's testimony this wing plow pushes the snowbanks back and creates a banking effect along the side of the road.

Before Wadsworth returned after his first pass, Plaintiff moved one of his vehicles back into the driveway, but he left his silver pickup truck on the shoulder of the passing lane. While Plaintiff claims that his truck was entirely off the travelled portion of the road, the evidence does not support Plaintiff's belief.

First, Matthew Wadsworth testified credibly that he saw the truck within the travelled portion of the road. Mr. Wadsworth also testified that he had previously plowed the road and had created a snowbank at the edge of the roadbed on either side of the road. Plaintiff would necessarily have had to park on the roadway because the snowbank was too high to park on the shoulder.

Second, the Court has compared the photographic exhibits showing the location of the truck at both the time of the accident and in summer when the roadbed could be reasonably identified. Plaintiff's Exhibit G shows the truck in the summer parked just barely, but entirely, on the grassy shoulder of the road. To achieve this, the truck had to be further off the road than it was on the day of the incident, putting it to the left of the mailbox if you were looking up Helgesen Road and touching the pine tree at the edge of the lot if you were looking down the road. The December 17th pictures, particularly Plaintiff's Exhibits B, C, and D, show the truck at the time of the accident to be further into the roadway and away from these fixed landmarks.

For these reasons, the Court finds that Plaintiff's pickup truck was at least partially in the roadbed/lane of travel when it was parked on December 17, 2022. By doing so, it created a hazard in the roadway for plow trucks and other traffic.

Notwithstanding this issue, the main dispute of this case is whether Wadsworth's plow truck struck Plaintiff's truck. Much of the Town's evidence focused on the various heights of the plows and the way in which the wing blade would fold against the truck when not in use. In particular, the Town submits evidence that none of the plows when either fully engaged or disengaged could have caused the specific damages Plaintiff's truck suffered at the precise height that it occurred.

This evidence, however, is not dispositive, and there are two other compelling factors. First Plaintiff and his spouse credibly testified that they heard or saw the plow truck strike the truck. While neither had a clear and direct view of the strike, they both credibly testified that they either saw the truck move when the plow passed or heard the hit.

Second, while the Town makes much about the various heights of the plows, this evidence does not account for the third possibility of the wing plow being partially engaged. Wadsworth testified that he brought up the wing plow when he began to pass by Plaintiff's property, and he estimates that if the wing was fully up, then he would have had 5 to 6 inches of clearance. The circumstantial evidence suggests that this margin was smaller and that the wing was not fully raised at the time he passed by the truck.

Third, listening to Wadsworth's testimony, the Court is not persuaded by his averments that he did not hit the truck. He seems generally confident that he did not, but he is far from certain.

Taking the credible evidence as a whole the Court finds that the most reasonable set of events is that Wadsworth, as he came down Helgesen Road lifted his wing plow most of the way, but not entirely, into the upright and locked position. It was at this point, a small bit of the wing plow that just glanced off Plaintiff's truck and caused the damage incurred.

This leads to the final issue of damages. Plaintiff submitted credible evidence that the current cost of repair for his truck is $3182.68. Plaintiff also seeks rental car fees. The Court will not allow the rental car fees as that cost was not supported by the evidence and is not warranted. The Town submitted an insurance estimate of approximately $1,700, but this estimate was based solely on the replacement of one outer panel and not the internal damages caused by the impact. The Court finds that the $3,182.68 is the proper measurement of damages.

Plaintiff's claim is one of negligence. He claims that the Town owed him a duty to drive safely and to avoid his truck when plowing. *Driscoll v. Wright Cut and Clean, LLC*, 2024 VT 49, ¶ 7. The Town has filed an affirmative defense of comparative negligence, and it has argued that Plaintiff failed to follow the Town's ordinance prohibiting individuals from parking in the right of way, particularly when doing so will cause a danger. 12 V.S.A. § 1036; *Barber v. LaFromboise*, 2006 VT 77, ¶ 7.

The evidence shows that Plaintiff has established his cause of action and demonstrated sufficient evidence to establish the Town's negligence in striking his car. The Town owed Plaintiff a general duty to drive and plow safely on the public road, and the Town breached that duty when the wing plow blade hit Plaintiff's truck. Plaintiff's truck sustained damages, and these damages flow directly from this injury.

At the same time, the Court also finds that the Town has met its burden of showing that Plaintiff contributed to the accident by creating an unsafe and unduly narrow channel for the plow truck to have to pass by leaving his car on the roadway when he knew the plow was returning. The Court will note that Plaintiff was aware of this risk and moved one of his cars off the roadway to prevent this exact situation just prior to the return of the plow.

Under Vermont comparative negligence standard, the Court must assign a percentage of responsibility to each party. If Plaintiff's responsibility is 51% or greater, the Court must return a judgment for the Town. *Barber*, 2006 VT 77, at ¶ 7. If it is less than 50%, then the Court must still reduce the ultimate judgment by that percentage attributable to Plaintiff. Id.

Based on the facts and evidence, the Court finds that Plaintiff's comparative negligence in this case is 30%. Therefore, the Court awards judgment to Plaintiff for the Town's negligence, but it reduces the amount of his damages, based on 12 V.S.A. § 1036, from $3,182.68 to $2,227.88. As the prevailing party, Plaintiff is also awarded his court costs.

IT IS ORDERED AND ADJUDGED that judgment is entered for the ☒ Plaintiff ☐ Defendant.

The Plaintiff Michael Bernier shall have judgment against Defendant Town of Orange in the amount of:

| | |
|---|---|
| **$2,227.88** | in damages |
| **$0.00** | in interest |
| **$90.00** | in costs |
| $2,317.88 | Total |

Interest will accrue at the rate of 12% per year on any unpaid amounts.
Electronically signed on 10/21/2024 9:50 AM pursuant to V.R.E.F. 9(d)

_____
Daniel Richardson
Superior Court Judge

VERMONT SUPERIOR COURT
Orange Unit
5 Court Street
Chelsea VT 05038
802-685-4610
www.vermontjudiciary.org

CIVIL DIVISION
Case No. 23-SC-01258



**Michael Bernier v. Town of Orange**

# NOTICE OF RIGHT TO APPEAL

Either party may appeal this judgment by filing a Notice of Appeal with the Clerk of the Court. A fee is due within thirty (30) days of the date of judgment.

### YOU MUST TELL THE COURT WHEN THE JUDGMENT IS PAID

The party collecting the judgment must notify the court clerk and the other party(ies) within 21 days after the judgment is paid in full so that satisfaction of judgment can be entered on the docket. If notification is not received within that time, the other party(ies) may file a motion for an order that judgment be deemed satisfied.

### ACCEPTANCE OF SERVICE

I accept service of this Order.

_____          _____
Date                                                          Signature