2012 VT 28

## Crawford W. GREGORY v. POULIN AUTO SALES, INC.

[44 A.3d 788]

No. 11-236

¶ 1. April 12, 2012. Defendant Poulin Auto Sales appeals from a trial court judgment awarding attorney's fees under the Vermont Consumer Fraud Act (VCFA). Poulin argues that the court erred in holding it liable under the VCFA and refusing to reconsider evidence that the vehicle was sold "as is." We affirm.

¶ 2. Poulin operates a dealership and purchases vehicles wholesale at auctions. In September 2006, Poulin purchased a 2001 Audi for $4800 at auction, where it received a clean document of title and an odometer disclosure form. The previous owner attested to the odometer's accuracy on the bill of sale. Poulin owned the car for about four months. In the interim, Poulin towed it to its lot, cleaned it, and left it "without ever inspecting it or performing any maintenance." Poulin brought the car to auction in January 2007 and sold it to plaintiff Crawford Gregory. Plaintiff received a clean document of title, and Poulin certified that the odometer reading was correct at the time of sale.

¶ 3. At resale, however, the odometer reading did not reflect the car's actual mileage, the passenger side airbag was inoperable, and the title documents did not reflect the fact that the vehicle was previously salvaged and rebuilt. Subsequent to his purchase, plaintiff learned from an internet search that the car was previously declared a "total loss" by an insurance company and that it fit the statutory definition of a "salvaged motor vehicle." See 23 V.S.A. § 2001(13). He also discovered the odometer defect and the inoperable airbag. Plaintiff demanded a remedy from Poulin, which in turn suggested that plaintiff speak to the previous owner.

¶ 4. The previous owner bought the car from a dealer as a rebuilt vehicle in "as is" condition in 2002 and received a salvage title, with mileage unknown. When the Vermont Department of Motor Vehicles issued a new title noting that a lien had been placed on the car, the new DMV document erroneously omitted information that the vehicle had been rebuilt. When the car was later sold to Poulin, the erroneous title document was employed to transfer ownership to Poulin. At that time, the previous owner did not disclose the vehicle's earlier history, but later claimed he informed the auctioneer the vehicle was salvaged.

¶ 5. Plaintiff filed suit, claiming that Poulin violated the notice provisions of the salvage title law by selling him a salvaged car without notification.[1] He also

---

[1] The statute provides that disclosure "orally and in writing" to a prospective purchaser *before* the sale of a salvaged and rebuilt vehicle is required of "any person" who sells any such vehicle, in addition to written disclosure on the bill of sale and certificate of title at the time of transfer of ownership. 23 V.S.A. § 2093(b). Failure to provide such notice "shall result in the seller being required, at the option of the buyer, to refund to the buyer the purchase price, including taxes, license fees and similar governmental charges." *Id.* § 2093(c).

claimed that Poulin violated the VCFA when it sold him the vehicle without informing him of its salvage status and the inoperable airbag, and when it provided him with an inaccurate odometer statement. The trial court granted plaintiff's motion for summary judgment, and the court later entered damages and judgment against Poulin for over $14,000. Poulin appealed.

¶ 6. We reversed in part and remanded for further findings on liability under the VCFA. On remand, both parties moved for summary judgment on the consumer fraud claim.[2] Plaintiff asserted in his post-remand statement of undisputed facts that the prior owner, from whom Poulin purchased the vehicle at auction, orally informed the auctioneer that the vehicle had a rebuilt and salvage title. It was undisputed that the documents executed by Poulin represented that the title was clear, and that Poulin certified the odometer's accuracy, though a previous title contained information that the mileage represented was not actual.

¶ 7. After making further findings of fact and conclusions of law, the court granted summary judgment in favor of plaintiff. In so doing, the court stated that it relied in part on the prior pleadings filed by the parties at the time of plaintiff's original motion for summary judgment, filed in 2008, in addition to the parties' statements of undisputed facts in support of plaintiff's renewed motion for summary judgment and Poulin's new cross-motion for summary judgment filed after remand. The trial court's ruling found undisputed that the vehicle had been issued a salvage and rebuilt title previously and that the odometer reading was inaccurate. The court found that plaintiff was not informed of the vehicle's

salvage title, and that Poulin certified that the odometer reading was the actual mileage at the time of sale.

¶ 8. On appeal, Poulin argues that the trial court improperly granted summary judgment on the VCFA claim because Poulin had no knowledge of the defects. In addition, Poulin claims that the trial court did not, but should have, considered evidence that plaintiff purchased the vehicle "as is." Plaintiff argues that the salvage title law requires disclosure with no exceptions, and that as a matter of law Poulin made representations likely to mislead. Plaintiff argues that the trial court was not required to address Poulin's claim that the vehicle was sold "as is," and that such language as a matter of law does not defeat a fraud claim, whether based on negligence or strict liability.

¶ 9. We review the grant of summary judgment de novo and apply the same standard as the trial court. *Nordlund v. Van Nostrand*, 2011 VT 79, ¶ 9, 190 Vt. 188, 27 A.3d 340. Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, referred to in the [statements of material facts], show that there is no genuine issue as to any material fact and that any party is entitled to judgment as a matter of law." V.R.C.P. 56(c)(3) (2003). In some instances, we may address issues that the trial court did not reach, and may affirm on those alternate grounds. See *Towns v. Northern Sec. Ins. Co.*, 2008 VT 98, ¶ 16 n.4, 184 Vt. 322, 964 A.2d 1150 (addressing alternate ground not reached by trial court where issue was raised below, fully briefed on appeal, and interests of judicial economy favored review); see also *Hudson v. Town of East Montpelier*, 161 Vt. 168, 170, 638 A.2d 561, 563 (1993) ("[W]e need not adopt the court's rationale in affirming its conclusion.").

¶ 10. In the present case, we will review the misrepresentations surrounding the

---

[2] While the case was pending on appeal the first time, plaintiff passed away. His estate was substituted as a party under V.R.C.P. 25.

title and the erroneously certified odometer reading as part of the entire sales transaction. The odometer issue was not fully briefed on appeal. See *Towns*, 2008 VT 98, ¶ 16 n.4. But see *Meyette v. Canadian Pac. Ry.*, 110 Vt. 345, 355, 6 A.2d 33, 38 (1939) ("Error must be made to appear; the judgment . . . will be affirmed in this Court on any legal grounds shown by the record — whether briefed or not."). However, because plaintiff's motion for summary judgment and Poulin's cross-motion for summary judgment are part of the record and our review is de novo, we consider the combined issues afresh. See *In re Poole*, 136 Vt. 242, 245, 388 A.2d 422, 424 (1978) (de novo review means that "the case is heard as though no action whatever had been held prior thereto"). Insofar as the parties' arguments on appeal regarding the salvage title are applicable to the odometer issue, we will address them.

¶ 11. Thus, the first question is whether there is a genuine issue of material fact as to whether Poulin violated the VCFA. In effect, this is a question of who shoulders the burden regarding the purchase and sale of a used car — whether a seller can immunize itself from VCFA liability by remaining ignorant of information it has a duty to disclose, particularly where it fails to directly and specifically bring the limits of its knowledge regarding the possibility of title and odometer discrepancies to the attention of the buyer.

¶ 12. The purpose of the VCFA is to protect citizens in consumer transactions from unfair and deceptive business practices. 9 V.S.A. § 2451. The three elements of a VCFA claim are as follows: "(1) there must be a representation, practice, or omission likely to mislead the consumer; (2) the consumer must be interpreting the message reasonably under the circumstances; and (3) the misleading effects must be 'material,' that is, likely to affect the consumer's conduct or decision with regard to a product." *Greene v. Stevens*

*Gas Serv.*, 2004 VT 67, ¶ 15, 177 Vt. 90, 858 A.2d 238 (quotations omitted).

¶ 13. Regarding the first element under the Act — a representation, practice, or omission likely to mislead — Poulin contends that it did not make any representations about the vehicle and provided to plaintiff all the information it had from the prior owner and the DMV. Here, it was undisputed for purposes of summary judgment that Poulin represented that the vehicle's title was clear and that Poulin erroneously certified an odometer reading. Moreover, Poulin did not disclose to plaintiff that it made no observations or investigation of the vehicle or its title, had not inspected or driven the vehicle, and had not confirmed the odometer reading it certified.

¶ 14. Poulin also makes the argument that it did not have any intent to deceive. We have squarely held that lack of intent to deceive, good faith, or lack of knowledge about the defect are not defenses to claims under the VCFA. *Carter v. Gugliuzzi*, 168 Vt. 48, 58, 716 A.2d 17, 24-25 (1998). Thus, Poulin's contention that "to be liable for consumer fraud there must be some degree of mens rea or imputed knowledge or expertise on the part of the seller to be liable" is incorrect, and the first element is met.

¶ 15. The second element — plaintiff's reasonable interpretation — is also met here. The question is whether plaintiff reasonably believed he was purchasing a vehicle with a clear title and an accurate odometer reading. See *Peabody v. P.J.'s Auto Village, Inc.*, 153 Vt. 55, 58, 569 A.2d 460, 462 (1989). Poulin's basic argument with regard to this element — aside from its alleged lack of knowledge addressed above — is that the car was purchased at an auction and that plaintiff could have done his own research on the vehicle before purchase. The purpose of the VCFA is to protect consumers, and the burden is appropriately placed on sellers to engage in due diligence. Plaintiff rea-

sonably relied on the misrepresentations since no evidence suggests he had reason to question the car's title or the odometer's accuracy. In this case, plaintiff had no duty under the VCFA to inspect the vehicle before purchasing it.

¶ 16. Finally, we conclude that the misrepresentations were material. Materiality is generally measured by an objective standard, with the baseline being what a "reasonable person would regard as important in making a decision." *Carter*, 168 Vt. at 56, 716 A.2d at 23. We conclude that a reasonable person would consider information about title defects and mileage to be important in making a decision to purchase a vehicle since they are so closely linked to a vehicle's longevity and value. Thus, plaintiff has made out a claim under the VCFA.

¶ 17. The second question is whether the trial court erred in declining to consider evidence allegedly showing that the car was purchased by plaintiff "as is." Poulin filed a motion "pursuant to V.R.C.P. 60(b),"[3] in which it argued that new evidence that the purchase was "as is" would establish that the inaccurate odometer could not "provide the basis for a VCFA violation." The court denied the motion, noting that Poulin did not present evidence of the terms of the auction in either its 2008 or 2010 summary judgment filing. We review the trial court's denial of the motion to reconsider under an abuse-of-discretion standard. *N. Sec. Ins. Co. v. Mitec Electronics, Ltd.*, 2008 VT 96, ¶ 34, 184 Vt. 303, 965 A.2d 447.

¶ 18. Poulin contends that this "as is" evidence is a factor in determining plain-

tiff's reasonableness. Poulin's proffer includes the vehicle auction terms of sale and what appears to be the auctioneer's invoice from the sale. The auctioneer's terms of sale provide in bold uppercase text that "all goods are being sold 'as is' and without recourse." The invoice provides that "[a]ll sales are made 'as is', with no warranties either expressed or implied by our company or its representatives."

¶ 19. The narrow purpose of Rule 59(e) is to allow the superior court to fix its mistakes immediately following the entry of judgment. *N. Sec. Ins. Co.*, 2008 VT 96, ¶ 41. Here, the proffered documents were not before the trial court at either the pre- or post-remand summary judgment stages because Poulin did not attach them to either its 2008 or 2010 pleadings. Only later, when Poulin filed a motion to reconsider, were the documents attached. Poulin had ample opportunity — twice in the trial court — to provide evidence that a genuine issue of material fact existed. The court's refusal to reconsider this evidence was not an abuse of discretion, for it was not the court's mistake that Poulin sought to correct — the court properly noted that Poulin had moved for summary judgment and could have submitted additional documents with the pleadings. See *N. Sec. Ins. Co.*, 2008 VT 96, ¶ 45 (reiterating that any supposed mistake in a judgment due to a party's own fault or neglect is "outside the power of Rule 59(e) to correct"); see also *Rubin v. Sterling Enters.*, 164 Vt. 582, 589, 674 A.2d 782, 786 (1996) (concluding trial court did not abuse discretion in refusing to hear evidence in post-trial motion where proponent "had ample opportunity to elicit this evidence at trial"). The court did not err in refusing to review the evidence on reconsideration.[4]

*Affirmed.*

---

[3] A Rule 60(b) motion made within ten days of judgment is treated as a Rule 59(e) motion. Reporter's Notes, V.R.C.P. 59. Here, the judgment was entered on January 28, 2011 and the motion to reconsider was filed on February 10, 2011, within the ten-day time limit, and is properly considered a motion to amend or alter. See V.R.C.P. 6(a).

---

[4] Poulin's claim would also fail under Rule 60(b) for largely the same reason. Poulin

2012 VT 30

**In re A.C.**

has not specified under which section of 60(b) it is seeking relief. A claim under 60(b)(2) for newly discovered evidence would fail because Poulin has not demonstrated why the "as is" evidence was unavailable prior to the entry of judgment. Under the 60(b)(6) catch-all, Poulin has demonstrated no extraordinary circumstances; rather, it appears that Poulin is seeking relief from its own actions. See *McCleery v. Wally's World, Inc.*, 2007 VT 140, ¶¶ 10-13, 183 Vt. 549, 945 A.2d 841 (mem.) (denying relief under 60(b) where plaintiffs did not demonstrate extraordinary circumstance and were "wholly responsible for their own predicament").