VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org

Case No.      23-AP-142



*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant. Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

NOVEMBER TERM,   2023

| | |
|---|---|
| Cheyeann Crossman\* v. Denecker Chevrolet, Inc. et al. | } APPEALED FROM:<br>}<br>} Superior Court, Addison Unit, Civil Division<br>} CASE NO. 21-CV-02693<br>Trial Judge: David R. Fenster |

In the above-entitled cause, the Clerk will enter:

Plaintiff Cheyeann Crossman appeals the trial court's decision granting summary judgment in favor of defendant Thomas Denecker.  We affirm.

In 2021, plaintiff filed a complaint against Denecker and Denecker Chevrolet, Inc. (DCI) alleging that, in November 2019, defendants sold her a 2010 Chevrolet Equinox displaying a current inspection sticker.  She claimed that the vehicle should not have passed inspection because it had substantial rust on the frame and the exhaust system was malfunctioning.  Plaintiff alleged that Denecker, who was the president, sole shareholder, and general manager of DCI, knew of the vehicle's condition and represented that it would pass inspection, and that she relied on his representations in deciding to buy the vehicle.  Plaintiff claimed that Denecker and DCI breached the implied warranties of merchantability and use for a particular purpose, violated the Vermont Consumer Protection Act (VCPA), and engaged in negligent misrepresentation.

Defendants moved for summary judgment.  The court granted summary judgment on the breach-of-warranty claims against Denecker because he was not a party to the contract between plaintiff and DCI.  It likewise concluded that Denecker was entitled to judgment in his favor on the negligent misrepresentation and VCPA claims because plaintiff did not show that Denecker had directed, controlled, approved, or ratified the alleged misrepresentation about the condition of the vehicle.  It granted summary judgment to DCI on the breach-of-warranty claims because plaintiff purchased the car "as is" and the purchase agreement contained an express disclaimer of all warranties.  However, it denied summary judgment on the remaining claims against DCI, concluding that these claims turned on a disputed issue of fact, namely, the condition of the car when plaintiff purchased it.  The court granted plaintiff's motion for entry of final judgment on her claims against Denecker, and this appeal followed.

On appeal, plaintiff challenges the court's award of summary judgment to Denecker on her negligent misrepresentation and VCPA claims.  Plaintiff argues that she presented sufficient evidence from which a factfinder could reasonably infer that Denecker personally participated in

or directed the misrepresentation about the condition of the car. "We review a decision granting summary judgment de novo, using the same standard as the trial court: summary judgment is appropriate if the moving party shows that the material facts are not genuinely disputed and that he or she is entitled to judgment as a matter of law." Lawson v. Halpern-Reiss, 2019 VT 38, ¶ 21, 210 Vt. 224 (quotation omitted); V.R.C.P. 56(a). "In determining whether a genuine dispute of material fact exists, the nonmoving party is entitled to the benefit of all reasonable doubts and inferences." Gross v. Turner, 2018 VT 80, ¶ 8, 208 Vt. 112 (quotation omitted).

To prove a claim of negligent misrepresentation, the plaintiff must show that the defendant " 'supplie[d] false information for the guidance of others in their business transactions.' " Burgess v. Lamoille Hous. P'ship, 2016 VT 31, ¶ 21, 201 Vt. 450 (quoting Restatement (Second) of Torts § 552(1)). Similarly, a VCPA claim requires proof that the defendant made "a representation, practice, or omission likely to mislead the consumer." Gregory v. Poulin Auto Sales, Inc., 2012 VT 28, ¶ 12, 191 Vt. 611 (mem.). "[A] corporate officer has no liability merely by reason of his office." Prive v. Vt. Asbestos Grp., 2010 VT 2, ¶ 19, 187 Vt. 280. However, a corporate officer may be held liable for official acts if the plaintiff demonstrates "some form of participation by the officer in the tort, or at least shows that the officer directed, controlled, approved, or ratified the decision which led to the plaintiff's injury." Id. (quotation omitted).

In response to defendant's motion for summary judgment, plaintiff submitted an affidavit in which she asserted that in late October or early November 2019, she met with Denecker and another DCI employee to discuss her needs for transportation. Denecker asked her what she could afford for monthly payments and told her he would check with finance companies. He assured her that she could get some kind of vehicle with monthly payments of $400-$450. She subsequently received an email from DCI that offered three vehicle options with monthly payments in that range. A DCI salesman, Patrick Rawls, indicated to her that all three cars had been recently inspected. Plaintiff chose the Chevrolet Equinox. When she attempted to get the car inspected almost a year later, she was told that it was so defective that it would not pass inspection and was not safe to drive, and that it should not have passed inspection the year before. Plaintiff argues that these facts, coupled with Denecker's statement in his affidavit that he oversaw the sales process at DCI, were sufficient to hold him liable.

Accepting plaintiff's assertions as true for the purposes of summary judgment, they do not demonstrate that Denecker made any representation about the condition of the car or the inspection, or that he directed, controlled, approved, or ratified any such representation. At most, they create an inference that after meeting with plaintiff, Denecker selected three potential vehicles and then asked Rawls to complete the sale. The email outlining the three vehicle options came from DCI, not Denecker. Rawls, not Denecker, told plaintiff that the cars had recently passed inspection. To infer from these facts that Denecker was somehow involved in the alleged misrepresentation about the condition of the vehicle would require the factfinder to engage in speculation, and speculation is an insufficient basis to avoid summary judgment. See Bernasconi v. City of Barre, 2019 VT 6, ¶ 11, 209 Vt. 419 ("[W]here the jury could only find for the plaintiff by relying on speculation, the defendant is entitled to judgment."); Fuller v. City of Rutland, 122 Vt. 284, 289 (1961) ("Evidence which merely makes it possible for the fact in issue to be as alleged, or which raises a mere conjecture, surmise or suspicion, is an insufficient foundation for a verdict.").

To the extent plaintiff is claiming that Denecker may be held liable regardless of his participation because he is a "seller" under the VCPA, this claim fails because as explained

above, plaintiff has not established that Denecker made "a representation, practice, or omission likely to mislead the consumer." <u>Gregory</u>, 2012 VT 28, ¶ 12; see 9 V.S.A. § 2451a(3) (defining "seller" as "a person regularly and principally engaged in a business of selling goods or services to consumers"). Plaintiff has not identified any authority to support the proposition that a seller may be held liable for fraudulent acts or omissions not involving that seller. To the contrary, "the consumer must demonstrate that he sustained 'damages or injury <u>as a result of any false or fraudulent representations or practices</u>' of the 'seller,</u> solicitor or other violator.'" <u>Greene v. Stevens Gas Serv.</u>, 2004 VT 67, ¶ 13, 177 Vt. 90 (emphasis added) (quoting 9 V.S.A. § 2461(b)).

Because plaintiff failed to set forth facts tending to show that Denecker was personally involved in the alleged misrepresentation that forms the basis of both her negligent misrepresentation and VCPA claims, the trial court properly granted summary judgment in Denecker's favor.

<u>Affirmed</u>.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice


_____
Harold E. Eaton, Jr., Associate Justice


_____
William D. Cohen, Associate Justice