NOTICE: This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@vermont.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2019 VT 6

No. 2017-444

| | |
|---|---|
| Jay Bernasconi | Supreme Court |
| | |
| | On Appeal from |
| v. | Superior Court, Washington Unit, |
| | Civil Division |
| | |
| City of Barre: Hope Cemetery | October Term, 2018 |

Mary Miles Teachout, J.

Andrew B. Delaney and Thomas M. Kester (On the Brief) of Martin & Associates, P.C., Barre, for Plaintiff-Appellant.

Marikate E. Kelley and Philip C. Woodward of Woodward & Kelley, PLLC, North Ferrisburgh, for Defendant-Appellee.

PRESENT:  Reiber, C.J., Skoglund, Robinson, Eaton and Carroll, JJ.

¶ 1.    **ROBINSON, J.**  Plaintiff Jay Bernasconi appeals from the Superior Court's grant of summary judgment to defendant City of Barre.  Plaintiff fell into a hole and injured his knee while visiting family graves at Hope Cemetery, which the City owns.  He contends that the City's negligent maintenance of the Cemetery caused his injury.  We conclude that even if the City was negligent in its inspection and maintenance practices, because plaintiff produced no evidence from which it is possible to determine how long the hole existed, he cannot show that the City would

have found the hole if it followed different inspection and maintenance practices.  Thus, he cannot establish that any breach of the City's duty of care caused his injuries.  We accordingly affirm.[1]

¶ 2.    The evidence in the summary-judgment record viewed in the light most favorable to plaintiff reflects the following.  One day in the spring of 2014, plaintiff visited Hope Cemetery in Barre, Vermont to place flowers on family members' graves.  After visiting the graves of his parents, sister, and grandparents, plaintiff asked someone working at the Cemetery where plaintiff's great-grandfather's gravestone was located; the employee pointed plaintiff toward the "old section" of the cemetery.  Plaintiff walked on the grass looking for his great-grandfather's gravestone.  He went on the grass because the road was busy and he did not want to have to look out for traffic, and there was a grate in the road that would have funneled him off the road in any event.  Plaintiff stepped in the hole before he reached the old section of the Cemetery, while he was walking in a heavily travelled walking area.  He did not notice the hole because he was not looking directly at the ground.  The hole was "kind of like a booby trap."  It was about the size of his foot and was deep enough that plaintiff fell into it down to his knee.  The hole would have been visible to someone mowing the lawn and looking directly at the ground to avoid obstacles.  When he dropped into the hole, he bent forward at the waist and his head hit the ground.  He was shocked and dazed, and he walked back to his car and left the Cemetery.

¶ 3.    Plaintiff returned the next day to look at the hole.  There he found two Cemetery workers standing and talking about fifty feet from it.  When he told them there was a deep hole and pointed to where it was, they said they already knew about it and were going to fill it in.  They did not give plaintiff any information or reason to believe how long they had known about the

---

[1] Because we affirm the Superior Court's summary judgment for the City on the ground that plaintiff has not presented sufficient evidence that its alleged negligence caused his injuries, we need not address the question raised by the City of whether it is immune from suit in this case.

hole. Plaintiff told the workers he had stepped in the hole the day before, and one of them smiled and said, "Call your lawyer." Subsequently, two of the City's employees whom plaintiff deposed could not remember whether they had notice of the hole before plaintiff stepped in it.

¶ 4. Holes sometimes appear at the Cemetery. As one of the City's employees explains, "We dig holes in there. From time to time there [are] sinkholes." Holes are particularly likely to develop after a hard rain because the rain causes the earth, which has been disturbed by the digging of graves, to collapse. The lawnmowers can also cause holes, as can burrowing animals.

¶ 5. The City relies on the on-site observations of its maintenance staff to inspect the grounds and address observed problems as they do regular mowing and related grounds work. The work leader testified that he is "constantly checking" for holes, and he tries to drive around the Cemetery daily to look for them. Sometimes visitors report holes to the staff. Sometimes a worker would see, but not report, a hole. The work leader addresses holes by filling them in or by putting plywood or an orange cone over them.

¶ 6. Plaintiff filed this action in October 2015 alleging premises liability and negligence by the City's workers.[2] He sought compensatory damages, prejudgment interest, and attorney's fees and costs. The crux of plaintiff's negligence claims was then, and remains, that the City was negligent in failing to eliminate or warn of the danger arising from the unmarked hole.

¶ 7. The City moved for summary judgment, arguing that plaintiff's negligence claim failed because the record was insufficient to support findings of duty, breach, or proximate causation. Plaintiff opposed summary judgment, arguing that there was a genuine issue of material fact as to the foreseeability of his injury, which he argued should be left to the jury to decide.

---

[2] Plaintiff brought these claims against the City under 24 V.S.A. § 901a.

¶ 8. The trial court granted the City's motion for summary judgment on both counts. It explained that while the "complaint superficially includes two claims, negligence and premises liability, they describe the same tort. [Plaintiff's] claim is that the grounds of the Cemetery included a concealed, dangerous condition—a hole in the ground—that injured him. This is a basic premises liability claim." The court held that plaintiff had failed to produce sufficient evidence that the City knew or should have known of the hole to support a negligence claim.

¶ 9. On appeal, plaintiff argues that the grant of summary judgment to the City was inappropriate because there were genuine issues of material fact as to whether his injury was foreseeable and as to what duty the City owed him.[3] Plaintiff argues that a jury could conclude his injury was foreseeable because there was evidence that holes regularly formed in the Cemetery, visitors had previously encountered them, the City had at least constructive notice of the hole at issue because of this past history of hole formation, and a reasonably careful inspection would have revealed it. He argued that a jury could infer the City had actual notice that the hole existed at the time of the accident because there was evidence that the City's workers did not always fix holes after finding them, and the workers knew about the hole on the day after plaintiff fell into it. Plaintiff argued that there was also a genuine issue of material fact as to whether the City breached its duty of care. The City's duty to exercise reasonable care to prevent injury to visitors is informed by foreseeable risks to those visitors, and plaintiff argues that because of the foreseeable risks posed by holes, the City had a duty, which it breached, to conduct regular, detailed inspections of the grounds.

---

[3] Plaintiff has not made clear whether he is appealing the trial court's decision as to his negligence claim under 24 V.S.A. § 901a. His brief said he "anticipate[d] that [the City's] brief will contain arguments" about that claim, and if so, he would address them in his reply brief. Plaintiff did not do so. In any event, our analysis of the evidence concerning causation applies with equal force to both claims.

4

¶ 10. Summary judgment is appropriate when, construing the facts in the light most favorable to the nonmoving party and resolving reasonable doubts and inferences in the nonmoving party's favor, there are no genuine issues of material fact and judgment is appropriate as a matter of law. V.R.C.P. 56(a); McLaughlin v. Pallito, 2017 VT 30, ¶ 10, 204 Vt. 375, 169 A.3d 210. We review a trial court's decision on a motion for summary judgment without deference, using the same standard as the trial court. Provost v. Fletcher Allen Health Care, Inc., 2005 VT 115, ¶ 10, 179 Vt. 545, 890 A.2d 97.

¶ 11. To establish negligence in a premises-liability case, as in any other negligence action, the plaintiff must show that the defendant owed the plaintiff a legal duty, the defendant breached that duty, the plaintiff suffered actual injury, and there is a causal link between the breach and injury. Demag v. Better Power Equip., Inc., 2014 VT 78, ¶ 6, 197 Vt. 176, 102 A.3d 1101. The plaintiff bears the burden of producing evidence sufficient for a reasonable jury to conclude that the defendant's negligent action or omission caused the plaintiff harm. Collins v. Thomas, 2007 VT 92, ¶ 8, 182 Vt. 250, 938 A.2d 1208. "Evidence which merely makes it possible for the fact in issue to be as alleged, or which raises a mere conjecture, surmise or suspicion is an insufficient foundation for a verdict," and thus where the jury could only find for the plaintiff by relying on speculation, the defendant is entitled to judgment. Fuller v. Rutland, 122 Vt. 284, 289, 171 A.2d 58, 61 (1961).

¶ 12. Here, plaintiff has not offered sufficient evidence for a reasonable jury to find that the City caused his injury, either by failing to adequately inspect the premises and discover the hole, or by failing to repair the hole after it had actual notice. While causation is ordinarily a question for the jury, where a reasonable jury could not find that the defendant caused the plaintiff harm, a court must award judgment as a matter of law. See Collins, 2007 VT 92, ¶ 8 ("Although

5

proximate cause ordinarily is characterized as a jury issue, it may be decided as a matter of law . . . where all reasonable minds would construe the facts and circumstances one way." (quotations omitted)).

¶ 13.    Even assuming that the City was not sufficiently diligent in inspecting for holes, without evidence as to how long the hole existed, plaintiff cannot prove that any lack of diligence by the City in failing to timely inspect for and repair holes caused his injury.  In that respect, this case is analogous to Maciejko v. Lunenberg Fire District No. 2, 171 Vt. 542, 758 A.2d 811 (2000) (mem.).  Maciejko was a negligence action in which the plaintiff, whose basement flooded with sewage after the sewer main became obstructed, alleged that the defendant district's failure to establish a regular maintenance plan for the sewer had caused the obstruction.  There was no evidence in the record as to how long the obstruction had existed.  We held that because there was no evidence showing how long it had been there, "there was no evidence to show that a regular maintenance plan or policy would have led to the discovery or prevention of the obstruction." Id. at 543, 758 A.2d at 813.  We explained that if the district had a policy of cleaning "the sewer main on the first of every month, but the obstruction had only been in the main since the 15th of the month, then, even if the district had abided by its policy, the obstruction might still have been in the main on the 25th." Id. at 543, 758 A.2d at 814.  Without evidence of how long the obstruction had existed, we held that the plaintiff could not show "that the district's lack of a maintenance plan or policy was the proximate cause of the backup." Id.

¶ 14.    As in Maciejko, there is no evidence in the record showing how long the hole existed, and thus there is no evidence that the City would have found it if it had more zealously inspected and repaired holes on the Cemetery grounds.  Plaintiff contends that the hole's depth and the fact that it was at least partly obscured by grass support a reasonable inference that it had

6

existed for a long time. There is no evidence, however, showing how the hole's depth or the length or positioning of the grass could provide a basis for calculating how long the hole had existed. This evidence is only enough to support a "conjecture, surmise or suspicion" that the hole had been around long enough that the Cemetery would have found the hole had it exercised reasonable care, which is not enough to support a judgment for plaintiff. Fuller, 122 Vt. at 289, 171 A.2d at 61. Because the record does not show how long the hole existed, we have no basis for concluding that the City's failure to inspect more thoroughly or frequently proximately caused plaintiff's injury.

¶ 15.     Moreover, while plaintiff argues that a jury could infer that the Cemetery workers knew about the hole before he fell into it because they knew about it the next day and had not yet flagged or repaired it, that inference is too tenuous for a reasonable jury to make. Plaintiff bears the burden of proving that the City's negligence caused his injury. The facts that the workers did not always cover or report holes that they found, that City workers knew about the hole the day after plaintiff's accident, and that one smiled and said "Call your lawyer" when plaintiff told them he had fallen in it the day before, are together not enough evidence for a reasonable jury to find that the City knew about the hole but had negligently failed to discover, mark, or fix it before the accident. That evidence supports only "conjecture, surmise or suspicion" that the City's negligence caused plaintiff's injury, and so is legally insufficient. Id. Because plaintiff has not offered sufficient evidence to establish causation, his claim for negligence fails.

Affirmed.

FOR THE COURT:

_____
Associate Justice

7