*Vermont Mut. Ins. Co. v. Chimney Works*, No. 108-2-17 Wncv (Tomasi, J., Feb. 10, 2020).

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## VERMONT SUPERIOR COURT

| | |
|---|---|
| SUPERIOR COURT<br>Washington Unit | CIVIL DIVISION<br>Docket No. 108-2-17 Wncv |

| | |
|---|---|
| Vermont Mutual Insurance Co., Inc.,<br>  Plaintiff<br><br>  v.<br><br>Chimney Works, Inc., et al.,<br>  Defendants | |

Opinion and Order on Motion for Summary Judgment

On February 17, 2014, Building 3 of the Mountainside Condominiums in Warren, Vermont caught fire and was completely destroyed. Plaintiff Vermont Mutual Insurance Co. provided business owner's insurance to the Mountainside Condominium Association and homeowner's insurance to numerous Building 3 unit owners. In this subrogation action, Vermont Mutual seeks damages from several defendants alleged to have responsibility for the fire and resulting losses. Among them is Defendant Steven Mason, d/b/a Mad Sweeper Chimney Cleaning Service, who is alleged to have negligently conducted the most recent, 2012 and 2013, annual fireplace inspections in Building 3 prior to the fire. Mr. Mason has filed a motion for summary judgment arguing that Vermont Mutual's claim against him is too speculative to present a triable issue for the jury.

Summary judgment is appropriate if the evidence in the record, referred to in the statements required by Vt. R. Civ. P. 56(c)(1), shows that there is no genuine

issue as to any material fact and that the movant is entitled to a judgment as a matter of law. Vt. R. Civ. P. 56(a); *Gallipo v. City of Rutland*, 163 Vt. 83, 86 (1994) (summary judgment will be granted if, after adequate time for discovery, a party fails to make a showing sufficient to establish an essential element of the case on which the party will bear the burden of proof at trial). The Court derives the undisputed facts from the parties' statements of fact and the supporting documents. *Boulton v. CLD Consulting Engineers*, Inc., 2003 VT 72, ¶ 29, 175 Vt. 413, 427. A party opposing summary judgment may not simply rely on allegations in the pleadings to establish a genuine issue of material fact. Instead, it must come forward with deposition excerpts, affidavits, or other evidence to establish such a dispute. *Murray v. White*, 155 Vt. 621, 628 (1991). Speculation is insufficient. *Palmer v. Furlan*, 2019 VT 42, ¶ 10, 215 A.3d 109, 113.

Vermont Mutual claims that the fire began when the fireplace in Unit 82, occupied by renters for the weekend, overheated and ignited the subflooring underneath the firebox. The fire then quickly spread throughout the building, destroying it completely. Vermont Mutual claims that the Unit 82 firebox had improper aftermarket glass doors installed on it that caused ash to build up and clog bottom venting that, when working properly, ensured that external firebox temperatures remained safe. It alleges that unsafe external temperatures caused by the blocked venting caused the subflooring beneath the firebox to ignite.

Mr. Mason was hired by the Association to inspect and clean, if necessary, the fireplaces in Building No. 3 in 2012 and 2013. There is no dispute that upon

inspecting the Unit 82 fireplace, Mr. Mason failed to note the improper glass doors, determined that the fireplace did not need to be cleaned, and did not clean any ash or other material from the bottom venting. Mr. Mason claims that Vermont Mutual lacks sufficient evidence to reach a jury on causation. Specifically, he maintains that it lacks evidence as to the issues of whether the bottom venting, in fact, was blocked by ash when he inspected it and whether it was blocked on the night of the fire. This is the only issue presented on summary judgment.

The record includes no eyewitness testimony from anyone who saw that the bottom venting of the Unit 82 fireplace was or was not blocked prior to the fire. The Unit 82 firebox itself was recovered from the rubble after the fire and, in that unsettled state, could not reveal the pre-fire condition of the venting. Instead, Vermont Mutual's evidence on these issues consists largely of the testimony of its experts: David Toler, Leo Herrmann, James Cruise, and Howard DeMatties.

In simple and summary terms, Vermont Mutual's experts are anticipated to testify as to the following conclusions. According to Mr. Herrmann, Vermont Mutual's fireplace expert, the failure of chimney sweeps, including Mr. Mason, to properly clean the bottom venting for at least the 10 years leading up to the fire would have naturally resulted in clogged bottom vents sufficient to generate the overheating condition that Mr. Toler, Vermont Mutual's engineering expert, has concluded was the cause of the fire. Mr. Toler has demonstrated by testing exemplar units that such clogging would generate sufficient external heat and eventually cause the subflooring to combust, and that this was the cause of the fire.

3

He also has concluded that repeatedly heating the subflooring would have reduced the temperature at which it eventually would combust, and thus the fire in the fireplace need not have been a big one on the night of the incident to ignite the subflooring.

Mr. Cruise, Vermont Mutual's fire investigation expert, found that fireboxes in other Association buildings, similar to the one in Unit 82, had clogged bottom venting upon investigation following the Building 3 fire. Mr. DeMatties, Vermont Mutual's electrical expert, eliminated electrical wiring and lighting, the only other suspects physically proximate to where the fire originated, as potential ignition sources.

The upshot of these experts' conclusions, if believed, is that blockage of the bottom venting, which a chimney sweep such as Mr. Mason should have discovered upon inspection and remedied but did not, was the likely cause of the fire.

In arguing that the evidence of causation in this case is insufficient to reach the jury, Mr. Mason compares this case to *Bernasconi v. City of Barre*, 2019 VT 6, 206 A.3d 720, and *Maciejko v. Lunenburg Fire District No. 2*, 171 Vt. 542 (2000). Neither case aids Mr. Mason's summary judgment argument, however.

In *Bernasconi*, the plaintiff fell into an obscured hole in a graveyard operated by a municipality and was injured. He claimed that the municipality was negligent insofar as its grounds inspection procedures failed to uncover the hole in time to ameliorate its risks before it injured the plaintiff. The claim failed, however, because the plaintiff came forward with no evidence of how long the hole may have

4

existed prior to the injury. "[W]ithout evidence as to how long the hole existed, plaintiff cannot prove that any lack of diligence by the [municipality] in failing to timely inspect for and repair holes caused his injury." *Bernasconi*, 2019 VT 6, ¶ 13.

In *Maciejko*, a municipal sewer system backed up into the plaintiffs' basement causing damages. The plaintiffs asserted that the municipality was negligent insofar as it had no sewer inspection procedures and, thus, failed to identify the sewer main obstruction that caused the backup in time to ameliorate its risks before it injured the plaintiffs. The claim failed because the plaintiffs came forward with no evidence of how long the obstruction may have existed. "Without this finding, it is impossible to conclude that regular maintenance would have prevented the obstruction." *Maciejko*, 171 Vt. at 543.

There is no analogous gap in the chain of causation in this case. Mr. Mason argues that there is no evidence that the bottom venting of the Unit 82 firebox was clogged. But Vermont Mutual does not lack such evidence. The record contains evidence supporting the conclusion that the firebox was likely blocked at the time of Mr. Mason's work, and it is undisputed that he did not check for blockage or clean ash from that area. One of its experts, Mr. Herrmann, has concluded that the failure of *anyone* to professionally clean the bottom venting, particularly given the affixed, improper aftermarket windows, naturally would have caused the venting to be blocked at the relevant times. He expressly asserts: "Given the sweeps' failure to properly clean this bottom vent for over a decade, it is all but guaranteed that the bottom vent was sufficiently clogged during that time frame, including the night of

5

the fire, causing the fireplace to overheat, creating a fire hazard, as demonstrated by David Toler's testing." Letter from Leo Herrmann to Attorney Boxer 4 (dated October 4, 2019), Ex. F to Vermont Mutual's Opposition (filed October 9, 2019).

While Vermont Mutual's claim against Mr. Mason may or may ultimately succeed with the jury, it is not so devoid of support that it is unreasonably speculative and lacking a basis in evidence. Nor does the evidence suffer from the same type of total evidentiary gap that was fatal to the claims in *Bernasconi* and *Maciejko*.

<u>Conclusion</u>

For the foregoing reasons, Mr. Mason's motion for summary judgment is denied.

Dated this __ day of February 2020 at Montpelier, Vermont.

_____
Timothy B. Tomasi,
Superior Court Judge

6