VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org



Case No.      23-AP-177

*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant. Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

DECEMBER TERM,   2023

Charlotte Barton\* v. Wharf Lane Housing
LP & Burlington Housing Authority

}
}
}
}
}
}

APPEALED FROM:

Superior Court, Chittenden Unit,
Civil Division
CASE NO. 722-8-19 Cncv
Trial Judge: Helen M. Toor

In the above-entitled cause, the Clerk will enter:

Plaintiff appeals a civil division order granting defendants judgment as a matter of law. On appeal, plaintiff argues that there was sufficient evidence submitted at trial to support the jury's verdict. We reverse and remand for entry of the jury verdict.

Plaintiff lives in an apartment complex owned by defendants. On March 22, 2017, around 6:30 a.m., plaintiff fell on ice as she was walking across the parking lot to her vehicle. Plaintiff seriously injured her leg. Plaintiff filed suit alleging that defendants were negligent in maintaining the parking lot. The case proceeded to trial. At trial, plaintiff alleged that ice formed in the parking lot from either melting snowbanks near her car or small amounts of precipitation that fell in the early morning. Following plaintiff's presentation of evidence, defendants moved for judgment as a matter of law. The court denied the motion and allowed the case to proceed to verdict. The jury found defendants were 95% negligent and plaintiff was 5% negligent, and awarded plaintiff $250,000 in damages.

Defendants renewed their motion for judgment as a matter of law. The trial court granted defendants' motion, concluding that there was no evidence that defendants knew or should have known that there was, or was likely to be, ice in areas of the parking lot on the morning in question. The court explained that the evidence showed that there was no ice the night before at 9 p.m., that the temperature reached freezing level at 3:00 a.m. and there was ice by 6:30 a.m., but the entire parking lot was not icy. Therefore, the expert testimony established that the earliest time that the ice could have formed was three and half hours before plaintiff's fall. The court noted that the forecast did not predict ice and there was no other warning to defendants that ice was forming. The court rejected plaintiff's argument that defendants had a duty to continually monitor the parking lot for icy conditions. Plaintiff appealed.

A motion for judgment as a matter of law may be granted when "there is no legally sufficient evidentiary basis for a reasonable jury" to find for a party. V.R.C.P. 50(a). This Court

reviews a decision on a motion for judgment as a matter of law using the same standard as the trial court and will "consider the evidence in the light most favorable to the nonmoving party, excluding the effect of any modifying evidence." Follo v. Florindo, 2009 VT 11, ¶ 26, 185 Vt. 390. In assessing a motion for judgment as a matter of law, the plaintiff is entitled to "every reasonable inference that may be drawn from the evidence." Id. ¶ 27 (quotation omitted). Under this standard, a jury verdict is sustained if it "is justified by any reasonable view of the evidence." Id. (quotation omitted).

Here, to survive the motion for judgment as a matter of law, plaintiff had to provide evidence to demonstrate that defendants owed her a duty, defendants breached that duty, plaintiff suffered an injury, and there was a causal link between the breach and the injury. See Bernasconi v. City of Barre, 2019 VT 6, ¶ 11, 209 Vt. 419 (setting out elements of negligence claim). "The plaintiff bears the burden of producing evidence sufficient for a reasonable jury to conclude that the defendant's negligent action or omission caused the plaintiff harm." Id.

On appeal, plaintiff argues that there was sufficient evidence for the jury to find that defendant's negligent conduct caused her fall and therefore the verdict should stand. We agree. The evidence, viewed in the light most favorable to plaintiff, is as follows. There was a snow event from March 14-15, after which defendants moved snow to create a snowbank near tenants' cars. There were thawing and freezing events between March 17-22. New precipitation occurred during the twenty-two hours before plaintiff's fall. At 9 p.m. on the evening before the fall, there was no ice in the parking lot but the lot was damp. There was fog or trace precipitation during the night. During the night, the temperature dropped and went below freezing around 3 a.m. Defendants did not inspect the property during the six days that preceded plaintiff's fall. An employee of defendants monitors weather conditions and determines if preventative maintenance is required. The employee determined on the morning March 22, prior to plaintiff's fall, that preventative application of salt was needed, but no maintenance had been performed by the time of plaintiff's fall. Plaintiff fell on ice that accumulated next to her car door and her car was parked near the snowbank created by defendants.

Plaintiff argues that this provides a sufficient basis for the jury to find that defendants failed to reasonably anticipate and discover the icy condition and then take reasonable steps to protect her. Plaintiff claims that defendants owed her a duty to keep the premises safe from accumulations of ice and snow, and that the totality of the evidence shows that they breached this duty by failing to apply sand or salt in an area where ice was likely to form due to freeze-thaw cycles melting the snowbank near plaintiff's car and the possibility of precipitation on the night in question. In support plaintiff cites LeClair v. LeClair, 2017 VT 34, 204 Vt. 422, and the Restatement (Second) of Torts, § 343. Under the Restatement, as adopted in LeClair, a property owner is liable for physical harm where the possessor:

> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and

> (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and

> (c) fails to exercise reasonable care to protect them against the danger.

Restatement (Second) of Torts, § 343.

2

Here, when viewing the facts in the light most favorable to plaintiff and resolving all inferences in her favor, there were sufficient facts for the jury to find under the first requirement of the Restatement that defendants knew or "by the exercise of reasonable care would discover the condition." Id. § 343(a). Plaintiff's evidence showed that although the parking lot was ice-free at 9 p.m. the evening before the accident, there was a snowbank near plaintiff's parked cars, there was precipitation during the night, and the temperature dropped below freezing during the night. Based on this evidence, the jury could infer that defendants should have been aware that ice would form either from melting snow or from the precipitation and that preventative measures would be required.

Because we conclude that plaintiff presented enough evidence to support the verdict, we need not reach plaintiff's argument that the trial court usurped the jury's role.

Reversed and remanded.

BY THE COURT:

Paul L. Reiber, Chief Justice

William D. Cohen, Associate Justice

Nancy J. Waples, Associate Justice