VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org

Case No.    23-AP-265



*Note: In the case title, an asterisk (*) indicates an appellant and a double asterisk (**) indicates a cross-appellant.  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

FEBRUARY TERM,   2024

Catherine Metcalfe* v. Champlain Valley
Exposition, Inc.

}
}
}
}
}
}

APPEALED FROM:

Superior Court, Chittenden Unit,
Civil Division
CASE NO. 20-CV-00439
Trial Judge: Helen M. Toor

In the above-entitled cause, the Clerk will enter:

Plaintiff appeals the trial court's award of summary judgment to defendant in this premises-liability action.  We affirm.

The following facts are drawn from defendant's statement of undisputed material facts and supporting materials.  In September 2017, plaintiff attended a vintage car show at the Champlain Valley Fairgrounds in Essex Junction, which is owned and operated by defendant Champlain Valley Exposition, Inc.  While attending the show, plaintiff visited a restroom, slipped on a wet floor, and fell to the ground.

Plaintiff testified in her deposition that she had been at the car show since 8:00 a.m.  She always used the same restroom.  She said that she "must have" used the restroom earlier that day but did not notice any wetness on the floor.  When she entered the restroom prior to her fall, around 1:00 p.m., there was a restroom attendant sitting at the door.  There was no wetness or water outside the restroom stalls.  Plaintiff testified that it was dark in the stall and when she was pulling up her pants, she noticed the floor of the stall was wet.  She was wearing flip-flops with foam bottoms.  When she took a step to exit the stall, her right foot slipped out from under her.  Immediately after she fell, a restroom attendant came and began mopping around her.  Several people saw plaintiff fall but she did not know their names or the name of the restroom attendant.  Plaintiff suffered injuries to her knee and lower back.

On event days, defendant hires a maximum of six restroom attendants for the specific purpose of cleaning the restrooms and emptying trash receptacles.  Defendant hired six attendants for the car show.  When six attendants are working, each restroom is serviced at least once an hour.  If defendant is notified about a dangerous condition in a restroom, it sends an attendant to fix the problem.  At the time of the car show, no issues with leaks in the toilets or sinks were brought to defendant's attention, and defendant was not aware of any chronic restroom leaks.

In September 2020, plaintiff sued defendant for negligence, asserting that defendant failed to maintain the restroom in a reasonably safe condition.[*] Defendant moved for summary judgment, arguing that plaintiff could not prove that defendant's alleged negligence was the proximate cause of her injury because there was no evidence of how long the water had been on the floor. The court granted the motion, and this appeal followed.

We review a motion for summary judgment de novo using the same standard as the trial court. Provost v. Fletcher Allen Health Care, Inc., 2005 VT 115, ¶ 10, 179 Vt. 545. "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." V.R.C.P. 56(a). When determining whether a genuine dispute of fact exists, we give the nonmoving party "the benefit of all reasonable doubts and inferences," and "accept as true the allegations made in opposition to the motion for summary judgment, so long as they are supported by affidavits or other evidentiary material." Gates v. Mack Molding Co., Inc., 2022 VT 24, ¶ 13, 216 Vt. 379 (quotations omitted).

We begin by noting that plaintiff did not identify any facts that were genuinely disputed here as required under Rule 56. Consistent with the summary judgment rule, defendant provided a statement of undisputed material facts with citations to affidavits and other evidence that would be admissible at trial. V.R.C.P. 56(c). Plaintiff submitted a statement of disputed facts in which she denied some of the facts set forth by defendant, but failed to support her denials with any citations to portions of the record that demonstrated a dispute. See id.; White v. Quechee Lakes Landowners' Ass'n, Inc., 170 Vt. 25, 28 (1999) (explaining that party asserting that facts are in dispute must support allegations with affidavits or other evidentiary material). Accordingly, the sole issue for our consideration is whether defendant was entitled to judgment as a matter of law based on the facts presented.

"To establish negligence in a premises-liability case, as in any other negligence action, the plaintiff must show that the defendant owed the plaintiff a legal duty, the defendant breached that duty, the plaintiff suffered actual injury, and there is a causal link between the breach and injury." Bernasconi v. City of Barre, 2019 VT 6, ¶ 11, 209 Vt. 419. In Bernasconi, the plaintiff sued the City of Barre after he fell into a hole and injured his knee while visiting graves at a city-owned cemetery. We affirmed the trial court's award of summary judgment to the defendant because the plaintiff failed to provide any evidence as to how long the hole existed, and therefore could not prove "that any lack of diligence by the City in failing to timely inspect for and repair holes caused his injury." Id. ¶ 13.

Similar to Bernasconi, plaintiff in this case failed to present any evidence of how long the floor of the toilet stall had been wet prior to her fall. Without evidence of how long the floor was wet, it would be impossible for a reasonable jury to conclude that more frequent inspections of the restroom stalls would have led defendant to discover or prevent the condition. See id.; Maciejko v. Lunenberg Fire Dist. No. 2, 171 Vt. 542, 543 (2000) (mem.) (explaining that without evidence of how long sewer main had been obstructed, factfinder could not reasonably conclude that regular maintenance would have prevented obstruction). Plaintiff did not demonstrate that there was any chronic issue with wet floors in the restroom or that defendant had actual notice of the dangerous condition and failed to do something about it. She therefore

---

[*] Plaintiff also named the company that produced the vintage car show, National Street Rod Association, Inc., as a defendant in her complaint. The parties stipulated to dismiss that company from the case in December 2021.

failed to meet her burden of showing that defendant's actions or inactions proximately caused her injury.

Plaintiff asserts that her testimony that the restroom was poorly lit was sufficient to establish proximate cause. She does not argue that the poor lighting alone caused her injury; rather, she claims that "due to the existence of darkness in the bathroom stalls, no attendant would have been aware of the existence of the dangerous condition without periodically checking the bathroom stalls and because they failed to do so, [plaintiff] was injured." However, there is no evidence that the attendants failed to periodically check the restroom stalls. Plaintiff's bald assertion that they did not do so is unsupported by any citation to the record and is insufficient to defeat summary judgment. See Boyd v. State, 2022 VT 12, ¶ 28, 216 Vt. 272 (explaining that at summary-judgment stage, plaintiff has burden to put forth admissible evidence to support allegations in complaint); Fuller v. City of Rutland, 122 Vt. 284, 289 (1961) ("Evidence which merely makes it possible for the fact in issue to be as alleged, or which raises a mere conjecture, surmise or suspicion is an insufficient foundation for a verdict."). And, contrary to plaintiff's argument, the fact that an attendant mopped the floor immediately after plaintiff fell does not create a reasonable inference that defendant was negligent in checking the restrooms beforehand. See State v. Martin, 2007 VT 96, ¶ 37, 182 Vt. 377 ("At best, subsequent remedial measures are considered marginally probative of prior negligence." (quotation omitted)). Absent any evidence of how long the floor had been wet, a reasonable jury could not find that defendant proximately caused plaintiff's injury by failing to adequately inspect or maintain the premises. See Bernasconi, 2019 VT 6, ¶ 11 ("[W]here the jury could only find for the plaintiff by relying on speculation, the defendant is entitled to judgment.").

Affirmed.

BY THE COURT:

Paul L. Reiber, Chief Justice

Karen R. Carroll, Associate Justice

William D. Cohen, Associate Justice