NOTICE: This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@vtcourts.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2024 VT 49

No. 23-AP-347

| | |
|---|---|
| Frank Driscoll | Supreme Court |
| | |
| | On Appeal from |
| v. | Superior Court, Grand Isle Unit, |
| | Civil Division |
| | |
| Wright Cut and Clean, LLC & Benjamin C. Wright | June Term, 2024 |

Samuel Hoar, Jr., J.

Cynthia L. Broadfoot and Deborah M. Ryan (On the Brief) of Broadfoot, Attorneys at Law, Burlington, and Vanessa B. Kittel, St. Albans, for Plaintiff-Appellant.

Susan J. Flynn of Flynn Messina Law Group, PLC, Burlington, for Defendants-Appellees.

PRESENT: Reiber, C.J., Eaton, Carroll and Waples, JJ., and Dooley, J. (Ret.), Specially Assigned

¶ 1. **EATON, J.** Plaintiff Frank Driscoll appeals a civil division order granting judgment as a matter of law on his negligence claim in favor of defendants Benjamin Wright and Wright Cut and Clean, LLC. Because we determine plaintiff failed to produce sufficient evidence of causation, we conclude judgment as a matter of law was warranted. Accordingly, we affirm.[1]

---

[1] Plaintiff also sued defendant Wright Cut and Clean for negligent hiring, training, entrustment, supervision, and retention. Because this claim depends on the success of his underlying negligence claim, it too warrants judgment in favor of defendants. See Haverly v. Kaytec, Inc., 169 Vt. 350, 357, 738 A.2d 86, 91 (1999) (noting claims like negligent supervision require showing "as an element" some "underlying tort" by employee). On appeal, plaintiff raised two additional arguments: (1) that the trial court erred in bifurcating his negligence claim from his negligent hiring, training, entrustment, supervision, and retention claim under Vermont Rule of Civil Procedure 42 and (2) that it erred in refusing to take judicial notice of life expectancy tables

¶ 2. The following facts were produced at trial. On July 18, 2019, plaintiff Frank Driscoll went running along East Shore Road, a fifteen-foot-wide, unmarked dirt road in Isle La Motte. Plaintiff was running in a southerly direction on the left side of the road, facing into the flow of traffic. At the same time, defendant Benjamin Wright (driver), an employee of defendant Wright Cut and Clean, was driving a company truck also in a southerly direction at approximately nineteen miles per hour, but on the right side of the road. The truck was pulling a trailer that was eight feet one inch at its widest point, and the right side of the truck was positioned very close to the edge of the right side of the road as it went southerly. As driver's truck approached plaintiff from behind, plaintiff looked behind him, and then moved about five feet to his left, toward the left edge of the road. As the truck passed plaintiff, driver looked in his side review mirror and claims he saw plaintiff move back to his right, towards the road's center, and get struck by the trailer. Plaintiff was unconscious when police arrived, and he has no memory of the accident.

¶ 3. Based on this incident, plaintiff sued alleging negligence against driver and liability of Wright Cut and Clean on a respondeat superior basis for the negligence of driver, along with a direct negligence claim against it for negligent hiring, training, entrustment, supervision, and retention of driver. The trial court elected to bifurcate the negligence and negligent hiring claims under Vermont Rule of Civil Procedure 42, and the court held a jury trial solely on the negligence claim. In support of this claim, plaintiff put on expert testimony at trial from a forensic engineer, Dr. Jerry Ogden. Dr. Ogden testified about the dimensions of the trailer and asserted that due to the width of the trailer and the road, the left side of the trailer extended "anywhere from six inches to twelve inches" into the left lane while the trailer was overtaking and passing plaintiff. He was, however, unable to state how close plaintiff was to the truck when it first began to pass plaintiff.

_____

under Vermont Rule of Evidence 201. Because we affirm judgment as a matter of law, we need not address these issues. E.g., Me. Mut. Fire Ins. Co. v. Tinker, 2005 VT 35, ¶ 1, 178 Vt. 522, 872 A.2d 360 (mem.) (declining to reach other issues after affirming judgment as a matter of law).

Dr. Ogden also presented detailed testimony about the way the trailer struck plaintiff. He further testified about skid marks left on the road by the truck and how he used them to estimate that the speed of the truck was 19.3 miles per hour, plus or minus 0.9 miles per hour, when the trailer struck plaintiff.

¶ 4. Dr. Ogden's testimony provided the only evidence supporting the claim that driver's allegedly negligent actions were the cause of plaintiff's injuries. Specifically, he asserted in his testimony that driver caused plaintiff's injuries because driver needed "to make sure that he controls the entire vehicle as he's passing by [a] vulnerable road user" such as a jogger. He also opined that, at impact, "there wasn't a four[-] foot safety gap or more between [plaintiff] and the trailer." Dr. Ogden admitted, however, that there was "no physical evidence to establish where [plaintiff] was located" at any time before impact, and therefore Dr. Ogden was unable to provide conclusions on any causative factor leading up to the incident.

¶ 5. Based on the evidence plaintiff presented at trial, defendants moved for judgment as a matter of law under Vermont Rule of Civil Procedure 50 at the close of plaintiff's case. The court granted defendants' motion from the bench following a lengthy colloquy with counsel. In granting the motion, the court concluded that plaintiff failed to establish both the requisite breach of duty and causation elements of his negligence claim, though it is unclear which element the court found more determinative. The court found "no evidence other than speculation" to suggest that driver failed to slow down, that driver could have moved farther away from plaintiff as he passed, or that the truck's position in the road or its speed were the cause of the accident. The court memorialized its decision in a brief written order entering judgment in favor of defendants. This appeal followed.

¶ 6. On appeal, plaintiff argues that the trial court erred in granting judgment as a matter of law. We review a trial court's decision to grant or deny judgment as a matter of law de novo, applying "the same standard as the trial court" under Rule 50. Follo v. Florindo, 2009 VT 11,

3

¶ 26, 185 Vt. 390, 970 A.2d 1230 (quotation omitted). In so doing, we consider the evidence "in the light most favorable to the nonmoving party" and afford the nonmoving party "every reasonable inference that may be drawn from [it]." Id. ¶¶ 26-27 (quotation omitted). We uphold a grant of judgment as a matter of law where "there is no legally sufficient evidentiary basis for a reasonable jury to find for the nonmoving party," id. ¶ 27 (quotation omitted), such that the facts do not "directly support[]" the claim and would require the jury to rely on "conjecture, surmise or suspicion," Marshall v. Milton Water Corp., 128 Vt. 609, 612, 270 A.2d 162, 164 (1970).

¶ 7. To survive judgment as a matter of law in a negligence claim, the plaintiff must produce sufficient evidence of (1) "a legal duty owed by defendant to plaintiff," (2) "a breach of that duty," (3) an "actual injury to the plaintiff," and (4) "a causal link between the breach and the injury."[2] Zukatis v. Perry, 165 Vt. 298, 301, 682 A.2d 964, 966 (1996). Generally, duty is a question of law, while breach and causation are questions of fact. See Springfield Hydroelectric Co. v. Copp, 172 Vt. 311, 317 n.2, 779 A.2d 67, 72 n.2 (2001) (duty); Leclair v. Boudreau, 101 Vt. 270, 274, 143 A. 401, 402 (1928) (breach); Wells v. Village of Orleans, Inc., 132 Vt. 216, 222, 315 A.2d 463, 467 (1974) (causation). It is the plaintiff's burden at trial to establish each "by a preponderance of the evidence." Barber v. LaFromboise, 2006 VT 77, ¶ 15, 180 Vt. 150, 908 A.2d 436.

¶ 8. Plaintiff here cites a number of reasons why driver allegedly breached the duty of care owed to plaintiff, including that he did not adequately warn plaintiff of his approach, that he did not leave enough space between the trailer and plaintiff, that he did not sufficiently slow down as he approached, and that the trailer protruded too far into the opposite lane. Plaintiff, however, presented an insufficient factual basis establishing that any of driver's alleged breaches was the cause of plaintiff's injury. The absence of causation alone, even if we assume there was a breach

---

[2] Defendant concedes in his brief that the damages element is not before us.

4

of duty, warrants judgment in favor of defendants. See Cheney v. City of Montpelier, 2011 VT 80, ¶ 9, 190 Vt. 574, 27 A.3d 359 (recognizing that judgment as a matter of law is warranted for defendants if plaintiff fails to prove any "essential element" of negligence claim).

¶ 9. The causation element of negligence requires sufficient evidence for a reasonable jury to conclude that, but for some negligent action by the defendant, the plaintiff would not have been harmed. Collins v. Thomas, 2007 VT 92, ¶ 8, 182 Vt. 250, 938 A.2d 1208. Evidence of injury alone is generally insufficient to show causation. Instead, the plaintiff must "rely on expert testimony" to demonstrate causation unless the circumstances are plain enough that "only common knowledge and experience are needed to comprehend it." Sachs v. Downs Rachlin Martin PLLC, 2017 VT 100, ¶ 20, 206 Vt. 157, 179 A.3d 182. If the expert testimony or other evidence evinces more than one possible source of causation, it is still possible for plaintiff to present a viable claim to avoid judgment in favor of the defendants. Concord Gen. Mut. Ins. Co. v. Gritman, 2016 VT 45, ¶ 22, 202 Vt. 155, 146 A.3d 882. However, the absence of expert testimony or other viable evidence showing a causal link with the injury precludes a finding that the plaintiff sufficiently established that element. Bernasconi v. City of Barre, 2019 VT 6, ¶ 12, 209 Vt. 419, 206 A.3d 720; Lasek v. Vt. Vapor, Inc., 2014 VT 33, ¶ 15, 196 Vt. 243, 95 A.3d 447.

¶ 10. The only evidence of causation plaintiff put on at trial in this case came from plaintiff's expert, Dr. Ogden. When specifically asked his opinion about causation, Dr. Ogden stated generally that "[driver] need[ed] to make sure that he controls the entire vehicle as he's passing by [a] vulnerable road user," such as plaintiff, and that "at the time of the impact, there wasn't a four[-]foot safety gap or more between [plaintiff] and the trailer."[3] However, Dr. Ogden did not identify any allegedly negligent act by defendant that caused plaintiff's injury. He did not

---

[3] Dr. Ogden's reference to a four-foot safety gap stems from 23 V.S.A. § 1033(b), which states that a "vehicle approaching or passing a vulnerable user" such as a runner "shall exercise due care, which includes . . . increasing clearance to a recommended distance of at least four feet."

claim that driver negligently failed to control the truck at any time while overtaking and passing plaintiff. He also admitted that there was "no physical evidence to establish where [plaintiff] was located" at any point before the accident, and thus Dr. Ogden did not "know anything before [impact]." As such, he was unable to say whether there was in fact a "four[-]foot safety gap" between plaintiff and the trailer during the time leading up to impact or if the lack of such a gap, if any, was a causative factor in the collision. And despite his thorough discussion of driver's approximate speed and possible position in the road relative to plaintiff's position, he did not identify how, if at all, the truck's speed or position provided any causal link between driver's alleged negligence and plaintiff's injury. He likewise did not cite driver's alleged failure to better warn plaintiff as the truck approached, the trailer's extension "anywhere from six inches to twelve inches" into the left lane, or the way plaintiff's body impacted driver's trailer as causative factors.

¶ 11. Besides Dr. Ogden, no other witness addressed causation or ever indicated what specific aspect of driver's allegedly negligent actions caused plaintiff's resulting harm. And because of plaintiff's admitted inability to recall the incident, he could give no testimony on the subject. Absent such specific evidence of causation, a jury would have to rely on mere speculation to determine what, if anything, was the causal link—such as driver's speed, the truck's position on the road, the vehicle or trailer dimensions, his failure to adequately warn plaintiff, or other factors alone or in combination—between driver's actions prior to impact and plaintiff's resulting injury.

¶ 12. Given the dearth of evidence on the issue of causation, this case resembles Bernasconi and Lasek. In Bernasconi, the plaintiff sued in negligence for injuries he sustained after falling in a hole. 2019 VT 6, ¶ 1. Because he presented "no evidence . . . showing how the hole's depth," dimensions, or other factors "could provide a basis" for a causal link with his injury, even assuming the failure to maintain the hole was negligent, we affirmed judgment as a matter of law. Id. ¶ 14. This is not unlike the absence of evidence here establishing a causal link between driver's allegedly negligent acts, if any, and the collision. Similarly, in Lasek, the plaintiff claimed

6

that a manufacturer of e-cigarettes caused a warehouse fire through negligent handling of liquid nicotine. 2014 VT 33, ¶ 1. The plaintiff, however, did not provide admissible expert testimony on causation. Id. ¶ 6. Just as plaintiff in this case provided insufficient expert testimony on causation, we recognized in Lasek that without sufficient "expert testimony on the issue of causation, [the] plaintiff was unable to prove that [the defendant's] use of liquid nicotine . . . caused the fire," and therefore "the court properly granted judgment as a matter of law." Id. ¶ 15.

¶ 13. For the same reason, the instant case is readily distinguishable from Concord, where we determined that judgment in favor of the defendants on the issue of causation was unwarranted. There, the plaintiffs sued the defendants in negligence for allegedly causing a fire that damaged their home. 2016 VT 45, ¶ 1. Two experts testified about the fire's cause, both of whom claimed it could have been caused by a cigarette butt or electrical fixture but concluded that the most likely cause was a fire the defendants had lit in a chiminea (outdoor fireplace) on the plaintiffs' deck. Id. ¶¶ 5, 11-12. Based on testimony expressly opining about the fire's likely cause, we held that the plaintiffs presented evidence of causation sufficient to survive summary judgment, even though they presented multiple theories. Id. ¶ 22; see Dalmer v. State, 174 Vt. 157, 170, 811 A.2d 1214, 1226 (2002) ("[The] standards for summary judgment and judgment as a matter of law are essentially the same."). By contrast, no such evidence from any witness in this case, including Dr. Ogden, indicated what, if any, allegedly negligent actions by driver actually caused plaintiff's resulting injury, leading the trial court to rightly find plaintiff's negligence claim unviable.

¶ 14. Absent the necessary evidence of causation, judgment as a matter of law must be affirmed. See Keegan v. Lemieux Sec. Servs., Inc., 2004 VT 97, ¶ 11, 177 Vt. 575, 861 A.2d 1135 (mem.) (recognizing that failure to prove any one element of negligence claim warrants judgment as matter of law). Therefore, the trial court did not err in entering judgment in favor of defendants on the negligence claim against driver and the respondeat superior claim against Wright Cut and

7

Clean.  Because there was no causal negligence on the part of driver, there is likewise no viable claim for direct negligence against defendant Wright Cut and Clean in its hiring, supervision, and other employment practices pertaining to driver.  See <u>Haverly</u>, 169 Vt. at 357, 738 A.2d at 91 (requiring "underlying tort" by employee as "element" of claims like negligent supervision).

<u>Affirmed</u>.

FOR THE COURT:

_____

Associate Justice